**SUMMONS** (71603901984894088775)

SIIBER MARKETING INCORPORATED
Plaintiff
Vs.

COURT OF COMMON PLEAS
LAKE COUNTY, OHIO

MIXITFORM INC
Defendant

No. 05CV002704

To the following named Defendant:
MIXITFORM INC
275 WESTMINSTER STREET
PROVIDENCE, RI 02903

You have been named a defendant in a complaint filed in the Lake County Court of Common Pleas, Lake County Courthouse, Painesville, Ohio. A copy of the complaint is attached hereto. The name and address of the plaintiff's attorney is:

FRANCIS P MANNING
7556 Mentor Ave.
Mentor, OH 44060-0000

You are hereby summoned and required to serve upon the plaintiff's attorney, or upon the plaintiff, if he has no attorney of record, a copy of an answer to the complaint within twenty-eight days after service of this summons on you, exclusive of the day of service. Your answer must be filed with the Court within three days after the service of a copy of the answer on the plaintiff's attorney.

If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the complaint.

LYNNE L. MAZEIKA
Clerk, Court of Common Pleas

Lake County, Ohio
P.O. Box 490
Painesville, OH 44077

Date: 11/30/05

By: [signature]
Deputy

Copies to Defendant(s):
MIXITFORM INC
CORY JOHNSON

EXHIBIT
A

*IN THE COURT OF COMMON PLEAS*

*LAKE COUNTY, OHIO*

FILED
2005 NOV 30 A 9 36
LYNNE L. MAZEIKA
LAKE CO CLERK OF COURT

SIIBER MARKETING INCORPORATED
Plaintiff

VS.

MIXITFORM INC
Defendant

CASE NO. 05CV002704

*Judge Richard L. Collins*

**ORDER**

To insure readiness of this matter for trial, to initiate settlement negotiations and to facilitate discovery on behalf of all parties, the court issues this court order.

**PRE-TRIAL ORDERS**

1. Discovery pursuant to the Ohio Civil Rules shall commence immediately upon filing of the complaint and may continue until either of the following occurs: 1) the case is submitted to arbitration; 2) thirty (30) days prior to a scheduled trial date; or 3) unless the court instructs otherwise. The identity of any expert witness and the exchanging of such expert's report, whose opinion will be offered in evidence at trial including the expert's findings and conclusions, or in lieu thereof a written summary of the experts findings, shall be disclosed prior to any discovery cutoff.

2. All leaves shall be requested in writing. Leaves to a pleading as defined in Ohio Civil Rules shall be granted only for these time periods: first leave for a maximum thiry (30) days; second leave for a maximum fifteen (15) days; and third leave, accompanied by an affidavit enumerating special circumstances, for a maximum of fifteen (15) days. All leaves **MUST BE HAND SIGNED** by the requesting party or counsel. Leaves to respond to motions shall be granted in fourteen (14) day intervals only.
**ALL LEAVES ARE AT THE DISCRETION OF THE COURT.**

3. Once ordered to arbitration, the court will entertain no discovery or pre-trial motions. All motions filed prior to arbitration referral shall be ruled on by the court before the scheduled hearing.

4. Discovery enumerated in Ohio Civil Rule 5(D), to wit: depositions, interrogatories, requests for documents, admissions and responses thereto, shall not be filed with the Lake County Clerk of the common Pleas Court Parties shall file a single page notice indicating the discovery request or response served, the date issued and upon whom.

5. The court will not entertain any motion to compel discovery absent compliance with Rule V(D) of the Lake County Common Pleas Court.

6. All requests for continuances shall be in writing accompanied by a statement of reasons for the request.

TRIAL MATTERS

7. Trial briefs shall be submitted by each counsel with appropriate citations supporting the theory of their action, no later than seven (7) days before trial.

8. Counsel will submit to the Court a written stipulation of facts no later than the morning of trial.

9. No trial continuance will be granted without a written motion supported by affidavit or appropriate documentation. THE UNAVAILABILITY OF ANY WITNESS, EXPERT OR OTHERWISE, WILL NOT BE GROUNDS TO CONTINUE THE TRIAL DATE. COUNSEL SHALL PRESERVE BY WRITTEN OR VIDEO TAPED DEPOSITION, THEIR "KEY WITNESSES", OR FACE THE POSSIBILITY OF GOING FORWARD WITH THE TRIAL WITHOUT THEIR TESTIMONY. All date conflicts shall be documented by either copies of the conflicting notice or statement enumerating case number, jurisdiction, judge and date of scheduling. IN DETERMINING PRIORITY, ALL SCHEDULED DATES SHALL RELATE BACK TO THE DATE THE FIRST NOTICE WAS ISSUED BY THIS COURT.

10. Counsel shall meet with reference to this case at plaintiff's office two weeks before trial to review all stipulations, witness lists, expert reports, exhibits and:

a. Enter into and reduce to writing all stipulations to which counsel agree;
b. Provide counsel with a written list of the names and addresses of all witnesses counsel expects to call;
c. MARK ALL EXHIBITS FOR IDENTIFICATION PRIOR TO TRIAL. PLAINTIFF'S EXHIBITS SHALL BE NUMBERED AND DEFENDANT'S LETTERED CONSECUTIVELY. The exhibits shall have been inspected by opposing counsel and copied at their expense (if requested);
d. Counsel shall exchange a list of all exhibits to be offered at trial including a brief description of each. For any known to exist but not available, the substance thereof shall be disclosed and numbers or letters are to be reserved for such exhibits. Counsel shall indicate whether the exhibits may be admitted into evidence by stipulation or if not admitted by stipulations, whether the exhibit may be offered into evidence without proof of its authenticity;
e. Where video tape depositions or written depositions are to be used, objections to any testimony must be brought to the attention of the Court no later than one week before trial by motion, listing the specific objections

requiring ruling, their location by line and page from the written deposition as well as by time reference on the tape. No objections to depositions will be entertained at trial;

f. Requested jury instructions shall be in writing and submitted to the Court prior to opening arguments;

g. Upon conclusion, the prevailing party shall immediately file a judgment entry within thirty (30) days reflecting the verdict or outcome;

11. At a jury trial, motions or objections to evidence or procedure shall not be accompanied by explanation or reason for the motion or objections in the jury's hearing. So-called 'speaking objections', which attempted to justify the objections to the jury, will not be permitted. If the Court wishes to know the grounds for any motions or objections, counsel will then be asked to present such grounds at the bench, at the side bar, in chambers, or after the jury has been dismissed from the courtroom. If any counsel wishes to present grounds for a motion or objection, he or she shall so advise the court at the bench outside the jury's hearing.

12. Failure of any party to comply with any provision of this Order shall subject that party to the sanctions as provided in Civil Rule 37(B) and as provided in Rules of the Lake County Common Pleas Court.

13. Entries of settlement or dismissal shall be filed no later than thirty (30) days after notice to the Court. NOTICES OF SETTLEMENT OR DISMISSAL PRIOR TO TRIAL SHALL BE FILED NO LATER THAN THE SCHEDULED TRIAL DATE. A SCHEDULED TRIAL SHALL PROCEED, OR BE DISMISSED FOR WANT OF PROSECUTION, UNLESS NOTIFICATION OF SETTLEMENT OR DISMISSAL IS FILED WITH THE COURT PRIOR TO BEING CALLED FOR TRIAL.

IT IS SO ORDERED.

/s/RICHARD L. COLLINS
Richard L. Collins, Judge

FILED

2005 NOV 30 A 9:27

IN THE COURT OF COMMON PLEAS
LAKE COUNTY, OHIO

LYNNE L. MAZEIKA
LAKE CO CLERK OF COURT

| | | |
|---|---|---|
| SIIBER MARKETING, INCORPORATED<br>8250 Tyler Boulevard, Suite A<br>Mentor, Ohio 44060<br><br>Plaintiff<br><br>vs.<br><br>MIXITFORME, INC<br>275 Westminster Street<br>Providence, Rhode Island 02903<br><br>and<br><br>CORY JOHNSON<br>275 Westminster Street<br>Providence, Rhode Island 02903<br><br>Defendants. | ) | CASE NO. 05CV002204<br>JUDGE Collins<br><br>COMPLAINT |

Now comes Plaintiff, SIIBER MARKETING, INCORPORATED, by and through counsel, and for its Complaint states as follows:

1. Plaintiff ("Siiber") is an Ohio Corporation in good standing with its principal business located at 8250 Tyler Boulevard, Suite A, Mentor, Ohio 44060.

2. Upon information and belief, Defendant MIXITFORME, Inc ("MFM") is a business incorporated in the state of Rhode Island located at 275 Westminster Street, Providence, Rhode Island 02903.

3. Upon information and belief, Defendant CORY JOHNSON ("Johnson") is an individual with his principal address at 275 Westminster Street, Providence, Rhode Island 02903.

4. Plaintiff and Defendant MFM entered into an oral agreement on or about August 2005 where Plaintiff would place bulk orders with MFM for goods to be shipped to Plaintiff's place of business which would then be shipped by Plaintiff directly to Plaintiff's customers.

5. MFM initially began shipping product to Plaintiff's place of business. MFM began missing promised shipment dates of product to Plaintiff. Plaintiff could not then ship the products to Plaintiff's customers.

6. MFM approached Plaintiff and suggested Plaintiff provide all individual customer orders to MFM.. MFM would then ship the products directly to Plaintiff's customers on Plaintiff's behalf.

7. Plaintiff agreed and sent, via overnight mail, orders to MFM to be shipped to Plaintiff's customers. Orders sent to MFM from Plaintiff consisted of a packing list (to be placed with the shipment) from Plaintiff and a prepaid UPS shipping label.

8. MFM was to package the product, insert the packing slip, and apply the prepaid and addressed UPS shipping label to the outside of the carton. MFM was to then place the package with UPS for shipment to Plaintiff's customers.

9. MFM indicated to Plaintiff the process was working and orders were being shipped to Plaintiff's customers.

10. Plaintiff, based on this information, continued to pay MFM for product and continued to send orders to MFM for shipment.

11. Plaintiff has performed its part of the agreement and has paid MFM Eight Hundred Forty Five Thousand Five Hundred Seventy One Dollars and Thirty

Five Cents ($845,571.35) for the goods to be shipped to Plaintiff's customers. Two Hundred Sixty Thousand One Hundred Thirty Dollars and Thirty Seven Cents ($260,130.37) was paid by cash by Plaintiff and Five Hundred Eighty Five Thousand Four Hundred Forty Dollars and Ninety Eight Cents ($585,440.98) was paid by Plaintiff through American Express.

12. MFM has failed to ship a significant number of orders paid for by Plaintiff to Plaintiff's customers. A list of these orders is not attached due to the fact that it is One Hundred Seventeen (117) pages in length. These orders totaled Five Hundred Sixty Four Thousand One Hundred Eighty Five Dollars and Fifty One Cents ($564,185.51).

13. On or about September 26, 2005, Plaintiff placed a hold with American Express in the amount of Five Hundred Eighty Five Thousand Four Hundred Forty Dollars and Ninety Eight Cents ($585,440.98) regarding payments made to MFM for orders not shipped.

14. On or about October 7, 2005, Defendants signed a promissory note, attached hereto and expressly incorporated herein as Exhibit A, which stated Defendants would pay Plaintiff the amount of Five Hundred Sixty Four Thousand One Hundred Eighty Five Dollars and Fifty One Cents ($564,185.51) for the goods paid for by Plaintiff that Defendants did not ship out.

15. Defendants gave Plaintiff four post dated checks to satisfy the Promissory Note. The checks were dated in the amount as follows: one dated October 7, 2005 for One Hundred Sixty Thousand Dollars ($160,000.00), one dated October 21, 2005 for One Hundred Thirty Four Thousand Seven Hundred

Twenty Eight Dollars and Fifty One Cents ($134,728.51), one dated October 31, 2005 for One Hundred Thirty Four Thousand Seven Hundred Twenty Eight Dollars and Fifty Cents ($134,728.50), and one dated November 11, 2005 for One Hundred Thirty Four Thousand Seven Hundred Twenty Eight Dollars and Fifty Cents ($134,728.50) (See attached Exhibit B, C, D and E).

16. On or about October 8, 2005, Plaintiff deposited the first check of the four in the amount of One Hundred Sixty Thousand Dollars ($160,000.00). Some days later, Plaintiff was notified by bank that there was a stop payment placed on this check by Defendants.

17. On October 13, 2005 Plaintiff contacted Defendants regarding the issue of the stop payment on the October 7 check. Defendants responded by offering to wire transfer the One Hundred Sixty Thousand ($160,000.00) on October 17, 2005.

18. The wire transfer was not executed as promised on October 17, 2005 Defendants indicated the funds would then be wired on Ocober 19, 2005.

19. The wire transfer was not executed as promised on October 19, 2005. Defendants indicated the funds would then be wired on October 20, 2005. The amount of One Hundred Sixty Thousand Dollars ($160,000.00) was wired by Defendants on October 20, 2005 to Plaintiff's business checking account.

20. On or about October 21, Plaintiff contacted Defendants regarding the second installment per the Promissory Note. Defendants advised Plaintiff the funds were not available and Defendants would contact Plaintiff on October 24, 2005 to make arrangements regarding the availability of the funds.

21. Defendants did not contact Plaintiff as promised on October 24, 2005.

22. On or about October 26, 2005, Plaintiff sent, via overnight mail, a letter stating that per the Promissory Note funds were to be paid no later than ten (10) days after the date the payment was due. The letter also stated that per the Promissory Note, the penalties of non payment within ten (10) days was twenty two (22) percent of the payment amount.

23. On or about October 28, 2005, Plaintiff deposited the second of the four checks, dated October 21, 2005, in the amount of One Hundred Thirty Four Thousand Seven Hundred Twenty Eight Dollars and Fifty One Cents ($134,728.51). Some days later, Plaintiff was notified by bank that there was a stop payment placed on this check by Defendants.

24. On or about November 15, 2005, Plaintiff deposited the check dated October 31, 2005 for One Hundred Thirty Four Thousand Seven Hundred Twenty Eight Dollars and Fifty Cents ($134,728.50) and the check dated November 11, 2005 for One Hundred Thirty Four Thousand Seven Hundred Twenty Eight Dollars and Fifty Cents ($134,728.50). On November 21, 2005 Plaintiff was notified by bank that there was a stop payment placed on these two checks by Defendants.

**COUNT I**
**BREACH OF CONTRACT**

25. Plaintiff incorporates herein all of the allegations contained in Paragraphs 1 through 24 as if fully rewritten at length.

26. Plaintiff and MFM entered into a valid contract for the distribution of MFM's products to Plaintiff's customers.

27. The parties operated under this agreement for a period of one month and MFM shipped Nine Hundred Thirty Five (935) products over this period.

28. Plaintiff performed all of its duties and obligations under the terms of the agreement.

29. MFM, by their conduct, breached the terms of the distribution agreement.

30. Plaintiff has demanded payment from MFM to no avail. As a result of MFM's conduct, Plaintiff has been damaged in the amount of Four Hundred Four Thousand One Hundred Eighty Five Dollars and Fifty One Cents ($404,185.51).

**COUNT II**
**BREACH OF CONTRACT ON PROMISSORY NOTE**

31. Plaintiff incorporates herein all of the allegations contained in Paragraphs 1 through 30 as if fully rewritten at length.

32. Plaintiff and Defendants entered into a valid contract when Defendants signed the promissory note dated October 7, 2005.

33. Plaintiff performed all of its duties and obligations under the terms of the agreement by releasing the debt owed to Plaintiff by Defendants through American Express.

34. Defendants breached this contract by failing to make the first payment on October 7, 2005 for One Hundred Sixty Thousand Dollars ($160,000), failing to make the second payment for One Hundred Thirty Four Thousand Seven Hundred Twenty Eight Dollars and Fifty One Cents ($134,728.51), failing to make the third payment of One Hundred Thirty Four Thousand Seven Hundred Twenty Eight Dollars and Fifty Cents ($134,728.50) and failing to make the

fourth payment for One Hundred Thirty Four Thousand Seven Hundred Twenty Eight Dollars and Fifty Cents ($134,728.50) as required by the Promissory Note.

35. As a result of Defendants conduct, Plaintiff has been damaged the amount of Four Hundred Four Thousand One Hundred Eighty Five Dollars and Fifty One Cents ($404,185.51).

**COUNT III**
**FRAUD OF CONTRACT IN BUSINESS ARRANGEMENT**

36. Plaintiff incorporates herein all of the allegations contained in Paragraphs 1 through 35 as if fully rewritten at length.

37. MFM falsely and fraudulently stated and represented to Plaintiff that they would ship the items ordered from Plaintiff to individual customers.

38. When these representations and statements were made by MFM, they were known by MFM to be false and were made with intent to deceive and defraud Plaintiff and to induce Plaintiff to rely on the representations and statements.

39. Plaintiff, at the time such representations and statements were made, relied upon them and was thereby induced to enter into the contract with MFM and Plaintiff's reliance upon said representations and statements was justifiable.

40. As a result of such false and fraudulent representations, Plaintiff was damaged in the sum of Four Hundred Four Thousand One Hundred Eighty Five Dollars and Fifty One Cents ($404,185.51).

**COUNT IV**
**FRAUD OF CONTRACT IN PROMISSORY NOTE**

41. Plaintiff incorporates herein all of the allegations contained in Paragraphs 1 through 40 as if fully rewritten at length.

42. Defendants falsely and fraudulently stated and represented to Plaintiff that they would fulfill the promissory note entered into on or about October 7, 2005.

43. When these representations and statements were made by Defendants, they were known by Defendants to be false and were made with intent to deceive and defraud Plaintiff and to induce Plaintiff to rely on the representations and statements.

44. Plaintiff, at the time such representations and statements were made, relied upon them and was thereby induced to release MFM's debt with American Express and Plaintiff's reliance upon said representations and statements was justifiable.

45. As a result of such false and fraudulent representations, Plaintiff was damaged in the sum of Four Hundred Four Thousand One Hundred Eighty Five Dollars and Fifty One Cents ($404,185.51).

**COUNT V**
**CONVERSION**

46. Plaintiff incorporates herein all of the allegations contained in Paragraphs 1 through 45 as if fully rewritten at length.

47. MFM exercised wrongful control over Plaintiff's property when they failed to return the Four Hundred Four Thousand One Hundred Eighty Five Dollars and

Fifty One Cents ($404,185.51) Plaintiff had paid MFM for goods not shipped by MFM.

48. Plaintiff has demanded return of the Four Hundred Four Thousand One Hundred Eighty Five Dollars and Fifty One Cents ($404,185.51) from MFM.

49. MFM has refused to return the Four Hundred Four Thousand One Hundred Eighty Five Dollars and Fifty One Cents ($404,185.51) to Plaintiff.

50. As a result of MFM's conduct, Plaintiff has been damaged the amount of Four Hundred Four Thousand One Hundred Eighty Five Dollars and Fifty One Cents ($404,185.51).

**COUNT VI**
**OHIO REV. CODE §2307.61**

51. Plaintiff incorporates herein all of the allegations contained in Paragraphs 1 through 50 as if fully rewritten at length.

52. Defendants violated Ohio Rev. Code §2913.11 when they stopped payment on the check dated October 21 for One Hundred Thirty Four Thousand Seven Hundred Twenty Eight Dollars and Fifty One Cents ($134,728.51).

53. Defendants violated Ohio Rev. Code §2913.11 when they stopped payment on the check dated October 31 for One Hundred Thirty Four Thousand Seven Hundred Twenty Eight Dollars and Fifty Cents ($134,728.50).

54. Defendants violated Ohio Rev. Code §2913.11 when they stopped payment on the check dated November 11 for One Hundred Thirty Four Thousand Seven Hundred Twenty Eight Dollars and Fifty Cents ($134,728.50).

55. Pursuant to Ohio Rev. Code §2307.61, Plaintiff is entitled to compensatory and liquidated damages of three times the value of the second, third, and fourth post

dated checks that were dishonored in the amounts of One Hundred Thirty Four Thousand Seven Hundred Twenty Eight Dollars and Fifty One Cents ($134,728.51) One Hundred Thirty Four Thousand Seven Hundred Twenty Eight Dollars and Fifty One Cents ($134,728.51) One Hundred Thirty Four Thousand Seven Hundred Twenty Eight Dollars and Fifty One Cents ($134,728.51) because of Defendants violation of Ohio Rev. Code §2913.11

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

COUNT I BREACH OF CONTRACT:

Plaintiff demands judgment against MFM for the sum of Four Hundred Four Thousand One Hundred Eighty Five Dollars and Fifty One Cents ($404,185.51), attorney fees, costs, interest, and such other and further relief as the Court may deem just and proper.

COUNT II BREACH OF CONTRACT ON PROMISSORY NOTE:

Plaintiff demands judgment against Defendants joint and severally for the sum of Four Hundred Four Thousand One Hundred Eighty Five Dollars and Fifty One Cents ($404,185.51), attorney fees, costs, interest, and such other and further relief as the Court may deem just and proper.

COUNT III FRAUD OF CONTRACT IN BUSINESS ARRANGEMENT:

Plaintiff demands judgment against MFM for the sum of Four Hundred Four Thousand One Hundred Eighty Five Dollars and Fifty One Cents ($404,185.51), punitive damages in the amount of One Million Dollars ($1,000,000), attorney fees, costs, interest, and such other and further relief as the Court may deem just and proper.

COUNT IV FRAUD OF CONTRACT IN PROMISSORY NOTE:

Plaintiff demands judgment against Defendants joint and severally for the sum of Four Hundred Four Thousand One Hundred Eighty Five Dollars and Fifty One Cents ($404,185.51), punitive damages in the amount of One Million Dollars ($1,000,000), attorney fees, costs, interest, and such other and further relief as the Court may deem just and proper.

COUNT V CONVERSION:

Plaintiff demands judgment against MFM for the sum of Four Hundred Four Thousand One Hundred Eighty Five Dollars and Fifty One Cents ($404,185.51), punitive damages in the amount of One Million Dollars ($1,000,000), attorney fees, costs, interest, and such other and further relief as the Court may deem just and proper.

COUNT VI OHIO REV CODE §2307.61:

Plaintiff demands judgment against Defendants joint and severally for the sum of One Million Two Hundred Twelve Thousand Five Hundred Fifty Six Dollars and Fifty Three Cents ($1,212,556.53), attorney fees, costs, interest, and such other and further relief as the Court may deem just and proper.

Respectfully submitted,

FRANCIS P. MANNING (0047242)
Attorney for Plaintiff
Western Reserve Law Building
7556 Mentor Avenue
Mentor, Ohio 44060
440-269-8823

G:\CLIENTS\1300-1599Clients\1335\Complaint.doc

**PROMISSORY NOTE BY CORPORATION: Form used by an authorized agent of a corporation as a promise to pay a debt in bi-weekly installments**

PROMISSORY NOTE

U.S. $___564,185.51_____

Providence, RI

Friday, October 07, 2005

FOR VALUE RECEIVED, the undersigned, Cory Johnson and MixITforME.com whose address is 275 Westminster St., Providence RI 02903_________, registered to do business in RI, whose principal place of business is 275 Westminster St., Providence RI 02903 , promise to pay, without set off, deduction or counterclaim of any kind or nature to Pete Roesner of Silber Marketing whose address is ___ 8152 Barberry Hill Dr Mentor OH 44060, as Payee, or Holder, at the address of Payee or Holder listed in this Note, the sum of $____564,185.51_____. The principal sum is to be paid in lawful United States currency in the following manner: four checks.

Payment shall be made in ___four_____ successive bi-weekly installments of $_____133,333.34 ____, with the first installment being in the amount of $_164,185.51________. The first payment shall be made on ______Oct 7, 2005___ and the final payment shall be on November 8, 2005. All payments shall be in the form of a check.

This Note may be paid in full without penalty.

Installments not paid within ____10____ days after they are due shall be subject to, and it is agreed that Payee or Holder shall collect, a "late charge" in the amount of ____22%_____ percent of the delinquent bi-weekly payment on each delinquent installment.

In the event that any payment is not made within ___15______ days after the due date, the entire remaining unpaid balance shall become immediately due and payable at the option of Payee or Holder, without notice, time being of the essence, and the sum shall bear interest from such time until paid at the highest rate allowable under the laws of the State of ___RI_____. Failure of Payee or Holder to exercise this option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default.

Larger sums may be paid at any time if there is no default under this Note, but the payment of any larger sums in addition to the payments required in this Note shall not relieve Makers of the payment of the periodic installments provided for in this Note, unless it is specifically stipulated by Makers at the time of payment that any larger sums are to be applied to the advance payment of the periodic installments next maturing in the order of their due dates.

EXHIBIT

A

Makers and all endorsers now or in the future becoming parties to this Note jointly and severally waive presentment and demand for payment, notice of dishonor, protest, and notice of protest of this Note.

Makers agree to pay all costs and expenses of collection incurred by Payee or Holder of this Note, in or out of Court, including without limitation, Court related costs and expenses and reasonable attorneys' fees and disbursements (including such costs, fees, and disbursements incurred on appeal of any litigation). No extension of time for payment of this Note and no alteration, amendment, or waiver of any provision of this Note shall release, discharge, modify, change, or effect the liability of Makers under this Note.

No delay by Payee or Holder in enforcing any covenant or right under this Note shall be deemed a waiver of any covenant or right, and no waiver by Payee or Holder of any particular provision of this Note shall be deemed a waiver of any other provision or a continuing waiver of any particular provision, and except as so expressly waived in writing, all provisions shall continue in full force and effect.

The consideration and value for the Note consists of Makers' acknowledgment that any and all services provided by Payee or Holder to Makers, and any and all fees charged for the services, to date, are reasonable, professional, and agreeable. The consideration further consists of a waiver by Makers of any present or future claim that any services provided or fees charged, to this date, by Payee or Holder are excessive, unreasonable, unprofessional, or otherwise disagreeable.

Whenever used in this Note, the terms "Holder", "Makers", and "Payee" shall be construed in the singular or plurals as the context may require.

10/7/05 Cory Johnson
*Personally*

10/7/05 Cory Johnson
*MixItforMe, Inc*

*Witness*

*Witness*

Providence, RI

10/7/2005

PAY TO THE ORDER OF Silber Marketing $ **160,000.00

One Hundred Sixty Thousand and 00/100********************************************** DOLLARS

Silber Marketing

EMO

VOID AFTER 90 DAYS

⑈052519⑈ ⑆011501682⑆ 0520119214⑈

dThorME, Inc.

Silber Marketing 10/7/2005 52519

| Date | Type | Reference | Original Amt. | Balance Due | Discount | Payment |
|---|---|---|---|---|---|---|
| 10/7/2005 | Bill | | 160,000.00 | 160,000.00 | | 160,000.00 |
| | | | | | Check Amount | 160,000.00 |

Bank RI 160,000.00

EXHIBIT

B

[illegible], Inc.
[illegible] St., [illegible] Floor
Providence, RI [illegible]

[illegible]
PROVIDENCE, RI [illegible]
[illegible]

52520

10/21/2005

PAY TO THE ORDER OF Silber Marketing $ **134,728.51

One Hundred Thirty-Four Thousand Seven Hundred Twenty-Eight and 51/100********************************* DOLLARS

Silber Marketing

VOID AFTER 60 DAYS

MEMO

⑈052520⑈ ⑆011501882⑆ 0520119214⑈

[illegible], Inc.

Silber Marketing

52520

10/21/2005

| Date | Type | Reference | Original Amt. | Balance Due | Discount | Payment |
|---|---|---|---|---|---|---|
| 10/21/2005 | Bill | | 134,728.51 | 134,728.51 | | 134,728.51 |
| | | | | | Check Amount | 134,728.51 |

Bank RI

134,728.51

EXHIBIT

C

Providence, RI 02903

57-168/115

10/31/2005

PAY TO THE ORDER OF Silber Marketing $ **134,728.50

One Hundred Thirty-Four Thousand Seven Hundred Twenty-Eight and 50/100********** DOLLARS

Silber Marketing

VOID AFTER 90 DAYS

⑈052521⑈ ⑆011501682⑆ 0520119216⑈

KITTforME, Inc.

Silber Marketing 10/31/2005 52521

| Date | Type | Reference | Original Amt. | Balance Due | Discount | Payment |
|---|---|---|---|---|---|---|
| 10/31/2005 | Bill | | 134,728.50 | 134,728.50 | | 134,728.50 |
| | | | | | Check Amount | 134,728.50 |

Bank RI 134,728.50

EXHIBIT D

Providence, RI 02903

11/8/2005

PAY TO THE ORDER OF Silber Marketing $ **134,728.50

One Hundred Thirty-Four Thousand Seven Hundred Twenty-Eight and 50/100********** DOLLARS

Silber Marketing

VOID AFTER 90 DAYS

MEMO

⑈052522⑈ ⑆011501682⑆ 0520119210⑈

xlTforME, Inc.

52522

Silber Marketing 11/8/2005

| Date | Type | Reference | Original Amt. | Balance Due | Discount | Payment |
|---|---|---|---|---|---|---|
| 11/8/2005 | Bill | | 134,728.50 | 134,728.50 | | 134,728.50 |
| | | | | | Check Amount | 134,728.50 |

Bank RI 134,728.50

EXHIBIT

E