STATE OF RHODE ISLAND
KENT, SC.

SUPERIOR COURT

AMERICAN EXPRESS BANK, FSB :

VS. : C.A. NO. KC 06-443

CORY JOHNSON :

**ORDER**

The above-entitled matter came on for hearing before this Honorable Court on June 26th, 2006, on Plaintiff's Motion for Alternate Service and, after hearing thereon and consideration thereof, it is hereby:

**ORDERED, ADJUDGED, AND DECREED:**

1. Plaintiff shall serve the Summons and Complaint upon the Defendant by regular first-class mail, postage prepaid;

2. Plaintiff shall serve the Summons and Complaint upon the Defendant by certified mail, return receipt requested, postage prepaid;

3. Plaintiff shall serve the Summons and Complaint upon the Defendant by posting copies of same to the door at the only-known address of the Defendant; to wit, 272 Pierce Avenue, Warwick, RI 02888.

ENTER:

____________________

DATED:______________

PER ORDER:

____________________

PRESENTED BY:

Joseph E. Rothemich

Joseph E. Rothemich, Jr. #1259
*Attorney for Plaintiff*
Nolan, Dailey, Gallo, Rothemich
& Brunero, Ltd.
1070 Main Street
Coventry, RI 02816
401-828-5800 phone
401-823-3230 fax

A TRUE COPY
6-27-06

# State of Rhode Island and Providence Plantations
## SUPERIOR COURT

[ ] PROVIDENCE/BRISTOL [X] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No. KC 06-443

AMERICAN EXPRESS BANK, FSB
Plaintiff

CORY JOHNSON
Defendant

## *Summons*

*To the above-named Defendant:* Cory Johnson
272 Pierce Avenue
Warwick, RI 02888

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon **Joseph E. Rothemich, Jr., Esq.** Plaintiff's attorney, whose address is **Nolan, Dailey, Gallo, Rothemich & Brunero, Ltd., 1070 Main Street, Coventry, RI 02816** an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

[signature] CLERK

Dated: 5-19-06

(Seal of the Superior Court)

A TRUE COPY ATTEST
K. [signature] #6131
CONSTABLE
6-27-06
DATE

S- 135 (REV. 10/00)

# State of Rhode Island and Providence Plantations

.............................................SC

## PROOF OF SERVICE

I hereby certify that on the .......................................... day of ............................................................ I served a copy of this summons and a copy of the complaint received therewith upon ............................................................................................................................................................................................................................

in the following manner:

By delivering a copy of the summons and complaint to him/her personally.

By leaving a copy of the summons and complaint at his/her dwelling house,............................................................................................................................................................................ (Address), with a person of suitable age and discretion then residing therein.

By leaving a copy of the summons and complaint at his/her usual place of abode, ..................................................................................................................................................... with a person of suitable age and discretion then residing therein.

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely ....................................................................................................................

such agent being one designated by statute to receive service, further notice as the statute requires was given as follows:

..............................................................................................................................................................

..............................................................................................................................................................

..............................................................................................................................................................

Sheriff's Fees

Travel .......................... $...........................

Service ........................ $...........................

$...........................

..........................................................

Deputy Sheriff

CIVIL ACTION
KC 06-443

FILE NO. ..................................

SUMMONS

SUPERIOR COURT

AMERICAN EXPRESS BANK, FSB

VS

CORY JOHNSON

ATTORNEY FOR PLAINTIFF

Joseph E. Rothemich, Jr. (#1259)
Nolan, Dailey, Gallo, Rothemich & Brunero, Ltd.
1070 Main Street
Coventry, RI 02816
401-828-5800
401-821-0900 - facsimile

NOTE: Returnable to Plaintiff's Attorney forthwith after service. Proof of service to be filed within time during which the person served must respond.

STATE OF RHODE ISLAND
KENT, SC.

SUPERIOR COURT

AMERICAN EXPRESS BANK, FSB :

VS. : C.A. NO. KC 06-443

CORY JOHNSON :

**COMPLAINT**

**The Parties**

1. At all relevant times, plaintiff American Express was and is a federally chartered banking institution.

2. Upon information and belief, at all relevant times, defendant Johnson was and is an individual who resides in the County of Providence in the State of Rhode Island at 275 Westminster St., Providence, RI 02903.

**The Facts**

A. **The American Express Business Platinum Card (Johnson).**

3. At all relevant times, Johnson was the holder of an American Express Business Platinum Account (the "Business Platinum Card") that enabled him to charge items to an American Express Business Platinum Card Account (Account No.3715-355088-02002) (the "Business Platinum Account"). At all relevant times, Johnson was the basic cardmember on the Business Platinum Account and thus he is responsible for paying all amounts charged to the Business Platinum Account.

4. By using the Business Platinum Card, Johnson agreed to all the terms and conditions set forth in the Business Platinum Card Agreement (the "Business Platinum

Agreement"). The Business Platinum Agreement was provided to Johnson with the Business Platinum Account.

5. The terms and conditions and the Business Platinum Agreement include the following:

a) Pursuant to the Business Platinum Agreement, Johnson agreed that as the "Authorizing Officer," he is jointly and individually liable for all amounts charged to the Business Platinum Account.

b) Johnson agreed that payment for all charges to the Business Platinum Account is due immediately upon receipt of the billing statement mailed by American Express.

c) Johnson agreed that American Express may impose late fees, in amounts set forth in the Agreement, on all unpaid amounts.

d) Johnson further agreed that he would pay all court costs plus reasonable attorneys' fees incurred by American Express in connection with the collection of any amount due on the account and in reasonably protecting itself from any loss, harm, or risk relating to any default on the account.

**The Defaults**

**A. The Business Platinum Account Default (Johnson).**

6. Johnson used the Business Platinum Card to charge various items to the Business Platinum Account for which payment was never made.

7. American Express sent monthly statements (the "Business Platinum Statements") to Johnson for the Business Platinum Account, which showed the balance due on the Business

Platinum Account.

8. In violation of the Business Platinum Agreement requiring payment in full of the balances due on the Business Platinum Account, Johnson has failed to make payments to American Express as set forth in the Business Platinum Statements. As a result, American Express suspended Johnson' charge privileges on the Business Platinum Account.

9. The total outstanding, overdue and unpaid balance owed by Johnson to American Express on the Business Platinum Account is $947,126.81.

**<u>AS AND FOR A FIRST CAUSE OF ACTION</u>**
**Breach of Contract: Business Platinum Account (Johnson)**

10. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 9 of this complaint as though fully set forth at length herein.

11. Johnson agreed to pay for all items charged to the Business Platinum Account. In addition, Johnson agreed to pay American Express late fees, court costs, and reasonable attorneys' fees in the event that American Express referred the Business Platinum Account to an outside attorney for collection.

12. Johnson is currently indebted to American Express for unpaid Business Platinum Card charges in the total amount of $947,126.81.

13. Despite due demand, Johnson has failed and refused to pay American Express the amount due and owing.

14. As a result of Johnson's failure to pay the amount that he owes, American Express referred its claims against Johnson to outside attorneys for collection, and thus it is entitled to collect from Johnson reasonable attorneys' fees.

15. By reason of the foregoing, American Express is entitled to judgment against Johnson for breach of contract in the sum of $947,126.81, plus reasonable attorneys' fees, court costs and prejudgment interest.

**AS AND FOR A SECOND CAUSE OF ACTION**
**Account Stated: Business Platinum Account (Johnson)**

16. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 15 of this complaint as though fully set forth at length herein.

17. American Express duly issued and sent to Johnson Business Platinum Statements, which set forth in detail all items charged to the Business Platinum Account and the total amount due and owing by defendant to American Express.

18. Johnson received the Business Platinum Statements without protest and did not object to them nor indicate that they were erroneous in any respect. Johnson thereby acknowledged that the debt owed to American Express, as set forth in the Business Platinum Statements, is true and correct.

19. By reason of the foregoing, American Express is entitled to judgment against Johnson for an account stated in the amount to be determined at trial, plus reasonable attorneys' fees, court costs and prejudgment interest.

**AS AND FOR A THIRD CAUSE OF ACTION**
**Unjust Enrichment: Business Platinum Account (Johnson)**

20. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 19 of the complaint as though set forth at length herein.

21. Johnson benefitted from all of the charges made to the Business Platinum Account, has acknowledged receipt of those benefits, and has failed to pay for same.

22. By reason of the foregoing, American Express is entitled to judgment against Johnson for unjust enrichment in an amount to be determined at trial, plus court costs and prejudgment interest.

**WHEREFORE**, American Express American Express requests judgment against defendants CORY JOHNSON as follows:

(i) on the first cause of action of the complaint, plaintiff American Express requests judgment in the sum of $947,126.81, plus reasonable attorneys' fees, court costs and prejudgment interest;

(ii) on the second cause of action of the complaint, plaintiff American Express requests judgment in an amount to be determined at trial, plus reasonable attorneys' fees, court costs and prejudgment interest;

(iii)on the third cause of action of the complaint, plaintiff American Express requests judgment in an amount to be determined at trial, plus court costs and prejudgment interest; and

(iv) for such other and further relief as this Court deems just and proper.

Plaintiff,
American Express Bank, FSB,

Joseph E. Rothemich, Jr., Esq. #1259
NOLAN, DAILEY, GALLO,
ROTHEMICH & BRUNERO, LTD.
1050 Main Street
Coventry, RI 02816
401-828-5800 – telephone
401-823-3230 - facsimile

Dated: ______________