UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

EXECUTIVE RISK INDEMNITY, INC.
Plaintiff

v.

C. A. No. 06-372T

JOSEPH P. FERRUCCI, as the Court-Appointed Receiver for
Mix It For Me.com d/b/a MixITforMe, Inc., CORY JOHNSON,
DAVID ANDREWS a/k/a "DAVID WHITAKER",
PATRICK HOLT, and SALLY HERSEY
Defendants

DEFENDANT SALLY HERSEY'S ANSWER TO THE PLAINTIFF EXECUTIVE RISK INDEMNITY, INC.'S ("ERII") COMPLAINT

Defendant Sally Hersey ("Hersey"), by and through counsel, herein answers Plaintiff's Complaint in corresponding paragraphs to the Complaint as follows:

1. Hersey admits that she demands coverage from ERII for what Plaintiff describes as the "Key West Action" pursuant to the applicable policy. With regard to the remaining allegations, Hersey is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 1, and, therefore, leaves Plaintiff to its proof thereof.

2. With regard to the Key West Action, Hersey admits that there is a Complaint and states that the Complaint speaks for itself. To the extent any of the allegations in paragraph 2 differ from the content of the Complaint, the same are denied. With regard to the remaining allegations, Hersey is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 2, and, therefore, leaves Plaintiff to its proof thereof.

3. With regard to the allegations in part (e) of paragraph 3, Hersey denies the allegations. With regard to the remaining allegations, Hersey is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 3, and, therefore, leaves Plaintiff to its proof thereof.

¶¶4 through 8. Hersey is without information or knowledge sufficient to form a belief as to the truth of the allegations in these paragraphs, and, therefore, leaves Plaintiff to its proof thereof.

9. Hersey admits she is a resident of the State of Rhode Island. Hersey denies the remaining allegations in paragraph 9.

¶¶10 through 12. Hersey neither admits nor denies the allegations in these paragraphs as they purport to state legal conclusions to which no response is required. To the extent that a response is required, and to the extent that these allegations rest on underlying facts purporting to establish jurisdiction of Hersey, the same are denied.

¶¶13 through 18. Hersey is without information or knowledge sufficient to form a belief as to the truth of the allegations in these paragraphs as they pertain to other defendants, and, therefore, leaves Plaintiff to its proof thereof. To the extent that any of these allegations pertain to Hersey, the same are denied.

¶¶19 through 21. Hersey admits that there was a Policy and states that the Policy speaks for itself. To the extent any of the allegations in these paragraphs differ from the terms of the Policy, the same are denied.

22. Hersey is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 22, and, therefore, leaves Plaintiff to its proof thereof.

¶¶23 through 34. Hersey admits that there was a Policy and states that the Policy speaks for itself. To the extent any of the allegations in these paragraphs differ from the terms of the Policy, the same are denied. With regard to the last sentence in ¶34, Hersey is without information or knowledge sufficient to form a belief as to the truth of these allegations, and, therefore, leaves Plaintiff to its proof thereof.

¶¶35 through 40. Hersey is without information or knowledge sufficient to form a belief as to the truth of the allegations in these paragraphs, and, therefore, leaves Plaintiff to its proof thereof.

¶¶41 through 66. Hersey is without information or knowledge sufficient to form a belief as to the truth of the allegations in these paragraphs as they pertain to other defendants, and, therefore, leaves Plaintiff to its proof thereof. To the extent that any of these allegations pertain to Hersey, the same are denied.

¶¶67 through 70. With regard to the Key West Action, Hersey admits that there is a Complaint and states that the Complaint speaks for itself. To the extent any of the allegations in these paragraphs differ from the content of the Complaint, the same are denied. With regard to the remaining allegations, Hersey is without information or knowledge sufficient to form a belief as to the truth of the allegations in these paragraphs, and, therefore, leaves Plaintiff to its proof thereof.

71. Hersey is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 71 as they pertain to other defendants, and, therefore, leaves Plaintiff to its proof thereof. To the extent that any of these allegations pertain to Hersey, the same are denied.

72. Hersey is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 72 as they pertain to other defendants, and, therefore, leaves Plaintiff to its proof thereof. To the extent that any of these allegations pertain to Hersey, the same are denied.

73. Hersey is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 73, and, therefore, leaves Plaintiff to its proof thereof.

¶¶74 through 79. Hersey is without information or knowledge sufficient to form a belief as to the truth of the allegations in these paragraphs as they pertain to other defendants, and, therefore, leaves Plaintiff to its proof thereof. To the extent that any of these allegations pertain to Hersey, the same are denied.

COUNT I

80. Hersey repeats and incorporates by reference her responses to Paragraphs 1 through 79 of the Complaint as if fully set forth herein.

¶¶81 through 91. Hersey is without information or knowledge sufficient to form a belief as to the truth of the allegations in these paragraphs as they pertain to other defendants, and, therefore, leaves Plaintiff to its proof thereof. To the extent that any of these allegations pertain to Hersey, the same are denied.

COUNT II

92. Hersey repeats and incorporates by reference her responses to Paragraphs 1 through 91 of the Complaint as if fully set forth herein.

¶¶93 through 99. Hersey is without information or knowledge sufficient to form a belief as to the truth of the allegations in these paragraphs as they pertain to other defendants, and, therefore, leaves Plaintiff to its proof thereof. To the extent that any of these allegations pertain to Hersey, the same are denied.

COUNT III

100. Hersey repeats and incorporates by reference her responses to Paragraphs 1 through 99 of the Complaint as if fully set forth herein.

¶¶101 through 106. Hersey is without information or knowledge sufficient to form a belief as to the truth of the allegations in these paragraphs as they pertain to other

defendants, and, therefore, leaves Plaintiff to its proof thereof. To the extent that any of these allegations pertain to Hersey, the same are denied.

COUNT IV

107. Hersey repeats and incorporates by reference her responses to Paragraphs 1 through 106 of the Complaint as if fully set forth herein.

¶¶108 through 113. Hersey is without information or knowledge sufficient to form a belief as to the truth of the allegations in these paragraphs as they pertain to other defendants, and, therefore, leaves Plaintiff to its proof thereof. To the extent that any of these allegations pertain to Hersey, the same are denied.

COUNT V

114. Hersey repeats and incorporates by reference her responses to Paragraphs 1 through 113 of the Complaint as if fully set forth herein.

115. Hersey is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 115 as they pertain to other defendants, and, therefore, leaves Plaintiff to its proof thereof. To the extent that any of these allegations pertain to Hersey, the same are denied.

116. Hersey is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 116 as they pertain to other defendants, and, therefore, leaves Plaintiff to its proof thereof. To the extent that any of these allegations pertain to Hersey, the same are denied.

117. With regard to the Key West Action, Hersey admits that there is a Complaint and states that the Complaint speaks for itself. To the extent any of the allegations in paragraph 117 differ from the content of the Complaint, the same are denied. With regard to the remaining allegations, Hersey is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 117, and, therefore, leaves Plaintiff to its proof thereof.

118. Hersey is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 118 as they pertain to other defendants, and, therefore, leaves Plaintiff to its proof thereof. To the extent that any of these allegations pertain to Hersey, the same are denied.

119. Hersey admits that there was a Policy and states that the Policy speaks for itself. To the extent any of the allegations in paragraph 119 differ from the terms of the Policy, the same are denied.

¶¶120 through 122. Hersey is without information or knowledge sufficient to form a belief as to the truth of the allegations in these paragraphs as they pertain to other

defendants, and, therefore, leaves Plaintiff to its proof thereof. To the extent that any of these allegations pertain to Hersey, the same are denied.

WHEREFORE, Defendant Hersey requests that this Court:

(1) Construe the applicable insurance policy in favor of Defendant Hersey;

(2) Construe the law, matters in question and rights and obligations of the parties in favor of Defendant Hersey;

(3) Order that Plaintiff be required to indemnify and defend Defendant Hersey from any claims or actions brought against Defendant Hersey as described in the Complaint;

(4) Order that Plaintiff provide coverage for all claims brought against Defendant Hersey for any claims or actions brought against Defendant Hersey as described in the Complaint; and

(5) Order such other and further relief as this Court deems proper.

AFFIRMATIVE DEFENSE

Defendant Hersey intends to rely upon such other and further defenses as may become apparent during the discovery of this action and reserves the right to amend her Answer to assert such defenses.

Defendant,
SALLY HERSEY,
By her attorneys,

PHILLIPS & D'ALOISIO

/s/Paul E. Phillips, Esquire

Paul E. Phillips, Esquire (5094)
91 Friendship Street, Fourth Floor
Providence, Rhode Island 02903
(401) 453-5900
(401) 453-5903 facsimile

CERTIFICATION

I, the undersigned, hereby certify that I forwarded a copy of this document on this _____ day of ___________________, 2006 to:

Stephen J. Reid, Jr., Esquire
BLISH & CAVANAGH, L.L.P.
Commerce Center
30 Exchange Terrace
Providence, Rhode Island 02903-1765
(*via facsimile 401-751-7542*) *and*
*regular mail* ______________________________________