UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EXECUTIVE RISK INDEMNITY, INC., Plaintiff | : | |
| vs. | : | C.A. No.: 06-372/T |
| JOSEPH P. FERRUCCI, as the Court-Appointed Receiver for MixItForMe.com, d/b/a MixItForMe, Inc.; CORY JOHNSON; DAVID ANDREWS, a/k/a "DAVID WHITAKER"; PATRICK HOLT; and SALLY HERSEY, Defendants | : | |

MixItForMe.com, d/b/a MixItForMe, Inc.'s Answer & Counterclaim

NOW COMES Joseph P. Ferrucci, Esq. (the "Receiver"), in his capacity as the duly appointed Superior Court-Appointed Receiver for Mixitforme.com, d/b/a Mixitforme, Inc. ("Mixitforme"), and not in his individual capacity, by and through counsel, and hereby answers and responds to Plaintiff, Executive Risk Indemnity, Inc.'s ("ERII") Complaint in connection with the above-entitled action as follows:

## INTRODUCTION

1. Mixitforme admits the allegations and averments set forth in Paragraph 1 of ERII's Complaint.

2. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 2 of ERII's Complaint insofar as the subject matter of the so-called Siiber Action, ISS Action and Key West Action, respectively, and any claims and/or prayers for relief set forth therein, speak for themselves; however, to the extent a response to the allegations and averments set forth in Paragraph 2 is required, Mixitforme denies the same.

3. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 3 of ERII's Complaint insofar as the claims and/or prayers for relief set forth therein

speak for themselves; however, to the extent a response to the allegations and averments set forth in said Paragraph 3 is required, Mixitforme denies the same.

## PARTIES

4. Mixitforme is without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 4 of ERII's Complaint, and, as such, leaves ERII to its burden of proof thereon. To the extent that a response to the allegations and averments set forth in said Paragraph 4 is required, Mixitforme denies the same.

5. Mixitforme admits only that the Receiver is the duly appointed Superior Court Receiver for the corporation, having its principal place of business located in Providence, Rhode Island. Mixitforme denies each and every remaining allegation and averment set forth in Paragraph 5 of ERII's Complaint.

6. Mixitforme is without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 6 of ERII's Complaint, and, as such, leaves ERII to its burden of proof thereon. To the extent that a response to the allegations and averments set forth in said Paragraph 6 is required, Mixitforme denies the same.

7. Mixitforme is without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 7 of ERII's Complaint, and, as such, leaves ERII to its burden of proof thereon. To the extent that a response to the allegations and averments set forth in said Paragraph 7 is required, Mixitforme denies the same.

8. Mixitforme is without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 8 of ERII's Complaint, and, as such, leaves ERII to its burden of proof thereon. To the extent that a response to the allegations and averments set forth in said Paragraph 8 is required, Mixitforme denies the same.

9. Mixitforme is without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 9 of ERII's Complaint, and, as such, leaves ERII to its burden of proof thereon. To the extent that a response to the allegations and averments set forth in said Paragraph 9 is required, Mixitforme denies the same.

## JURISDICTION AND VENUE

10. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 10 of ERII's Complaint insofar as the state conclusions of law to which no response is

required; however, to the extent that a response to the allegations and averments set forth in said Paragraph 10 is required, Mixitforme denies the same.

11. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 11 of ERII's Complaint insofar as the state conclusions of law to which no response is required; however, to the extent that a response to the allegations and averments set forth in said Paragraph 11 is required, Mixitforme denies the same.

12. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 12 of ERII's Complaint insofar as the state conclusions of law to which no response is required; however, to the extent that a response to the allegations and averments set forth in said Paragraph 12 is required, Mixitforme denies the same.

## FACTS

### I. THE APPLICATION FOR THE POLICY

13. Mixitforme is without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 13 of ERII's Complaint, and, as such, leaves ERII to its burden of proof thereon. To the extent a response to the allegations and averments set forth in said Paragraph 13 is required, Mixitforme denies the same.

14. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 14 of ERII's Complaint insofar as the Application speaks for itself; however, to the extent a response to the allegations and averments set forth in Paragraph 14 is required, Mixitforme denies the same.

15. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 15 of ERII's Complaint insofar as the Application speaks for itself; however, to the extent a response to the allegations and averments set forth in Paragraph 15 is required, Mixitforme denies the same.

16. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 16 of ERII's Complaint insofar as the Application speaks for itself; however, to the extent a response to the allegations and averments set forth in Paragraph 16 is required, Mixitforme denies the same.

17. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 17 of ERII's Complaint insofar as the Application speaks for itself; however, to the extent a response to the allegations and averments set forth in Paragraph 17 is required, Mixitforme denies the same.

18. Mixitforme is without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 18 ERII's Complaint, and, as such, leaves ERII to its burden of proof thereon. To the extent a response to the allegations and averments set forth in Paragraph 18 is required, Mixitforme denies the same.

## II. THE POLICY

19. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 19 of ERII's Complaint insofar as the terms and conditions of the Policy speak for themselves; however, to the extent a response to the allegations and averments set forth in Paragraph 19 is required, Mixitforme denies the same.

20. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 20 of ERII's Complaint insofar as the terms and conditions of the Policy speak for themselves; however, to the extent a response to the allegations and averments set forth in Paragraph 20 is required, Mixitforme denies the same.

21. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 21 of ERII's Complaint insofar as the terms and conditions of the Policy speak for themselves; however, to the extent a response to the allegations and averments set forth in Paragraph 21 is required, Mixitforme denies the same.

22. Mixitforme denies the allegations and averments set forth in Paragraph 22 of ERII's Complaint.

23. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 23 of ERII's Complaint insofar as the terms and conditions of the Policy speak for themselves; however, to the extent a response to the allegations and averments set forth in Paragraph 23 is required, Mixitforme denies the same.

24. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 24 of ERII's Complaint insofar as the terms and conditions of the Policy speak for

themselves; however, to the extent a response to the allegations and averments set forth in Paragraph 24 is required, Mixitforme denies the same.

25. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 25 of ERII's Complaint insofar as the terms and conditions of the Policy speak for themselves; however, to the extent a response to the allegations and averments set forth in Paragraph 25 is required, Mixitforme denies the same.

26. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 26 of ERII's Complaint insofar as the terms and conditions of the Policy speak for themselves; however, to the extent a response to the allegations and averments set forth in Paragraph 26 is required, Mixitforme denies the same.

27. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 27 of ERII's Complaint insofar as the terms and conditions of the Policy speak for themselves; however, to the extent a response to the allegations and averments set forth in Paragraph 27 is required, Mixitforme denies the same.

28. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 28 of ERII's Complaint insofar as the terms and conditions of the Policy speak for themselves; however, to the extent a response to the allegations and averments set forth in Paragraph 28 is required, Mixitforme denies the same.

29. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 29 of ERII's Complaint insofar as the terms and conditions of the Policy speak for themselves; however, to the extent a response to the allegations and averments set forth in Paragraph 29 is required, Mixitforme denies the same.

30. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 30 of ERII's Complaint insofar as the terms and conditions of the Policy speak for themselves; however, to the extent a response to the allegations and averments set forth in Paragraph 30 is required, Mixitforme denies the same.

31. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 31 of ERII's Complaint insofar as the terms and conditions of the Policy speak for themselves; however, to the extent a response to the allegations and averments set forth in Paragraph 31 is required, Mixitforme denies the same.

32. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 32 of ERII's Complaint insofar as the terms and conditions of the Policy speak for themselves; however, to the extent a response to the allegations and averments set forth in Paragraph 32 is required, Mixitforme denies the same.

33. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 33 of ERII's Complaint insofar as the terms and conditions of the Policy speak for themselves; however, to the extent a response to the allegations and averments set forth in Paragraph 33 is required, Mixitforme denies the same.

34. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 34 of ERII's Complaint insofar as the terms and conditions of the Policy speak for themselves; however, to the extent a response to the allegations and averments set forth in Paragraph 34 is required, Mixitforme denies the same.

## III. THE RECEIVERSHIP AND CRIMINAL INVESTIGATIONS

35. Mixitforme admits the allegations and averments set forth in Paragraph 35 of ERII's Complaint.

36. Mixitforme admits the allegations and averments set forth in Paragraph 36 of ERII's Complaint.

37. Mixitforme admits the allegations and averments set forth in Paragraph 37 of ERII's Complaint.

## IV. THE UNDERLYING ACTIONS

38. Mixitforme is without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 38 of ERII's Complaint, and, as such, leaves ERII to its burden of proof thereon. To the extent a response to the allegations and averments set forth in said Paragraph 38 is required, Mixitforme denies the same.

39. Mixitforme is without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 39 of ERII's Complaint, and, as such, leaves ERII to its burden of proof thereon. To the extent a response to the allegations and averments set forth in said Paragraph 39 is required, Mixitforme denies the same.

40. Mixitforme is without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 40 of ERII's Complaint, and, as such, leaves ERII to its burden of proof thereon. To the extent a response to the allegations and averments set forth in said Paragraph 40 is required, Mixitforme denies the same.

**The Siiber Action**

41. Mixitforme admits the allegations and averments set forth in Paragraph 41 of ERII's Complaint.

42. Mixitforme is without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 42 of ERII's Complaint, and, as such, leaves ERII to its burden of proof thereon. To the extent a response to the allegations and averments set forth in said Paragraph 42 is required, Mixitforme denies the same.

43. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 43 of ERII's Complaint insofar as the docket in the Siiber Action speaks for itself; however, to the extent that a response to the allegations and averments set forth in said Paragraph 43 is required, Mixitforme denies the same.

44. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 44 of ERII's Complaint insofar as the claims and/or prayers for relief set forth in the Siiber Action speak for themselves; however, to the extent that a response to the allegations and averments set forth in said Paragraph 44 is required, Mixitforme denies the same.

45. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 45 of ERII's Complaint insofar as the claims and/or prayers for relief set forth in the Siiber Action speak for themselves; however, to the extent that a response to the allegations and averments set forth in said Paragraph 45 is required, Mixitforme denies the same.

46. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 46 of ERII's Complaint insofar as the claims and/or prayers for relief set forth in the Siiber Action speak for themselves; however, to the extent that a response to the allegations and averments set forth in said Paragraph 46 is required, Mixitforme denies the same.

47. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 47 of ERII's Complaint insofar as the claims and/or prayers for relief set forth in the Siiber Action speak for themselves; however, to the extent that a response to the allegations and averments set forth in said Paragraph 47 is required, Mixitforme denies the same.

48. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 48 of ERII's Complaint insofar as the defenses, claims and/or prayers for relief as set forth in the Answer and Counterclaim speak for themselves; however, to the extent that a response to the allegations and averments set forth in said Paragraph 48 is required, Mixitforme denies the same.

49. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 49 of ERII's Complaint insofar as the defenses, claims and/or prayers for relief as set forth in the Answer and Counterclaim speak for themselves; however, to the extent that a response to the allegations and averments set forth in said Paragraph 49 is required, Mixitforme denies the same.

50. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 50 of ERII's Complaint insofar as the statements and/or representations set forth in that certain *ex parte* petition for instructions speak for themselves; however, to the extent that a response to the allegations and averments set forth in said Paragraph 50 is required, Mixitforme denies the same.

51. Mixitforme admits the allegations and averments set forth in Paragraph 51 of ERII's Complaint.

52. Mixitforme denies the allegations and averments set forth in Paragraph 52 of ERII's Complaint.

53. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 53 of ERII's Complaint insofar as the statements and/or representations set forth in the June 28th letter speak for themselves; however, to the to the extent that a response to the allegations and averments set forth in said Paragraph 53 is required, Mixitforme denies the same.

54. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 54 of ERII's Complaint insofar as the statements and/or representations set forth in the July 26th letter speak for themselves; however, to the to the extent that a response to the allegations

and averments set forth in said Paragraph 54 is required, Mixitforme denies the same. Notwithstanding, Mixitforme admits only that ERII has agreed to defend Mixitforme in the Siiber Action under a full reservation of rights.

**The ISS Action**

55. Mixitforme admits the allegations and averments set forth in Paragraph 55 of ERII's Complaint.

56. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 56 of ERII's Complaint insofar as the claims and/or prayers for relief set forth in the ISS Action speak for themselves; however, to the extent that a response to the allegations and averments set forth in said Paragraph 56 is required, Mixitforme denies the same.

57. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 57 of ERII's Complaint insofar as the claims and/or prayers for relief set forth in the ISS Action speak for themselves; however, to the extent that a response to the allegations and averments set forth in said Paragraph 57 is required, Mixitforme denies the same.

58. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 58 of ERII's Complaint insofar as the statements and/or representations set forth in the July 12th letter speak for themselves; however, to the extent that a response to the allegations and averments set forth in said Paragraph 58 is required, Mixitforme denies the same.

59. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 59 of ERII's Complaint insofar as the statements and/or representations set forth in the July 20th letter speak for themselves; however, to the extent that a response to the allegations and averments set forth in said Paragraph 59 is required, Mixitforme denies the same.

60. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 60 of ERII's Complaint insofar as the statements and/or representations set forth in the July 20th letter speak for themselves; however, to the extent that a response to the allegations and averments set forth in said Paragraph 60 is required, Mixitforme denies the same.

61. Mixitforme is without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 61 of ERII's Complaint of ERII's Complaint, and, as such, leaves ERII to its burden of proof thereon. To the

extent that a response to the allegations and averments set forth in Paragraph 61 is required, Mixitforme denies the same.

62. Mixitforme is without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 62 of ERII's Complaint of ERII's Complaint and, as such, leaves ERII to its burden of proof thereon. To the extent that a response to the allegations and averments set forth in Paragraph 62 is required, Mixitforme denies the same.

63. Mixitforme is without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 63 of ERII's Complaint of ERII's Complaint and, as such, leaves ERII to its burden of proof thereon. To the extent that a response to the allegations and averments set forth in Paragraph 63 is required, Mixitforme denies the same.

64. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 64 of ERII's Complaint insofar as the statements and/or representations set forth in the August 3rd letter speak for themselves; however, to the extent that a response to the allegations and averments set forth in said Paragraph 64 is required, Mixitforme denies the same. Notwithstanding, Mixitforme admits only that ERII has agreed to defend Mixitforme in the ISS Action under a full reservation of rights.

65. Mixitforme is without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 65 of ERII's Complaint of ERII's Complaint and, as such, leaves ERII to its burden of proof thereon. To the extent that a response to the allegations and averments set forth in Paragraph 65 is required, Mixitforme denies the same.

66. Mixitforme is without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 66 of ERII's Complaint of ERII's Complaint and, as such, leaves ERII to its burden of proof thereon. To the extent that a response to the allegations and averments set forth in Paragraph 66 is required, Mixitforme denies the same.

**The Key West Action**

67. Mixitforme admits the allegations and averments set forth in Paragraph 67 of ERII's Complaint.

68. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 68 of ERII's Complaint insofar as the claims and/or prayers for relief set forth in the Key West Action speak for themselves; however, to the extent that a response to the allegations and averments set forth in said Paragraph 68 is required, Mixitforme denies the same.

69. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 69 of ERII's Complaint insofar as the claims and/or prayers for relief set forth in the Key West Action speak for themselves; however, to the extent that a response to the allegations and averments set forth in said Paragraph 69 is required, Mixitforme denies the same.

70. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 70 of ERII's Complaint insofar as the claims and/or prayers for relief set forth in the Key West Action speak for themselves; however, to the extent that a response to the allegations and averments set forth in said Paragraph 70 is required, Mixitforme denies the same.

71. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 71 of ERII's Complaint insofar as the statements and/or representations set forth in the August 3rd letter speak for themselves; however, to the extent that a response to the allegations and averments set forth in said Paragraph 71 is required, Mixitforme denies the same. Notwithstanding, Mixitforme admits only that ERII has agreed to defend Mixitforme in the Key West Action under a full reservation of rights.

72. Mixitforme is without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 72 of ERII's Complaint of ERII's Complaint and, as such, leaves ERII to its burden of proof thereon. To the extent that a response to the allegations and averments set forth in Paragraph 72 is required, Mixitforme denies the same.

73. Mixitforme is without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 73 of ERII's Complaint of ERII's Complaint and, as such, leaves ERII to its burden of proof thereon. To the extent that a response to the allegations and averments set forth in Paragraph 73 is required, Mixitforme denies the same.