**The Amex Action**

74. Mixitforme is without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 74 of ERII's Complaint, and, as such, leaves ERII to its burden of proof thereon. To the extent a response to the allegations and averments set forth in Paragraph 74 is required, Mixitforme denies the same.

75. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 75 of ERII's Complaint insofar as the claims and/or prayers for relief set forth in the Amex Action speak for themselves; however, to the extent that a response to the allegations and averments set forth in said Paragraph 75 is required, Mixitforme denies the same.

76. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 76 of ERII's Complaint insofar as the claims and/or prayers for relief set forth in the Amex Action speak for themselves; however, to the extent that a response to the allegations and averments set forth in said Paragraph 76 is required, Mixitforme denies the same.

77. Mixitforme admits the allegations and averments set forth in Paragraph 77 of ERII's Complaint.

78. Mixitforme is without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 78 of ERII's Complaint, and, as such, leaves ERII to its burden of proof thereon. To the extent a response to the allegations and averments set forth in said Paragraph 78 is required, Mixitforme denies the same.

79. Mixitforme is without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 79 of ERII's Complaint, and, as such, leaves ERII to its burden of proof thereon. To the extent a response to the allegations and averments set forth in said Paragraph 79 is required, Mixitforme denies the same.

**COUNT I**

**Declaratory Judgment – No Duty to Defend or Indemnify with Respect to Siiber Action**

80. Mixitforme reasserts and realleges its answers and responses to Paragraphs 1 through 79 of the within answer as if the same were set forth more fully herein, and hereby incorporates the same herein by reference.

81. Mixitforme denies the allegations and averments set forth in Paragraph 81 of ERII's Complaint.

82. Mixitforme is without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 82 of ERII's Complaint, and, as such, leaves ERII to its burden of proof thereon. To the extent a response to the allegations and averments set forth in said Paragraph 82 is required, Mixitforme denies the same.

83. Mixitforme denies the allegations and averments set forth in Paragraph 83 of ERII's Complaint.

84. Mixitforme denies the allegations and averments set forth in Paragraph 84 of ERII's Complaint.

85. Mixitforme denies the allegations and averments set forth in Paragraph 85 of ERII's Complaint.

86. Mixitforme denies the allegations and averments set forth in Paragraph 86 of ERII's Complaint.

87. Mixitforme denies the allegations and averments set forth in Paragraph 87 of ERII's Complaint.

88. Mixitforme denies the allegations and averments set forth in Paragraph 88 of ERII's Complaint.

89. Mixitforme denies the allegations and averments set forth in Paragraph 89 of ERII's Complaint.

90. Mixitforme denies the allegations and averments set forth in Paragraph 90 of ERII's Complaint.

91. Mixitforme denies the allegations and averments set forth in Paragraph 91 of ERII's Complaint.

## COUNT II

**Declaratory Judgment – No Duty to Defend or Indemnify MIFM or Defendant Johnson with Respect to ISS and Key West Actions**

92. Mixitforme reasserts and realleges its answers and responses to Paragraphs 1 through 91 of the within answer as if the same were set forth more fully herein, and hereby incorporates the same herein by reference.

93. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 93 insofar as the claims and/or prayers for relief set forth in the ISS Action speak for themselves; however, to the extent a response to the allegations and averments set forth in said Paragraph 93 is required, Mixitforme denies the same.

94. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 94 insofar as the claims and/or prayers for relief set forth in the Key West Action speak for themselves; however, to the extent a response to the allegations and averments set forth in said Paragraph 94 is required, Mixitforme denies the same.

95. Mixitforme denies the allegations and averments set forth in Paragraph 95 of the ERII's Complaint.

96. Mixitforme denies the allegations and averments set forth in Paragraph 96 of the ERII's Complaint.

97. Mixitforme denies the allegations and averments set forth in Paragraph 97 of the ERII's Complaint.

98. Mixitforme denies the allegations and averments set forth in Paragraph 98 of the ERII's Complaint.

99. Mixitforme denies the allegations and averments set forth in Paragraph 99 of the ERII's Complaint.

## COUNT III

**Declaratory Judgment – No Duty to Defend or Indemnify Defendant Andrews/Whitaker with Respect to ISS and Key West Actions**

100. Mixitforme reasserts and realleges its answers and responses to Paragraphs 1 through 99 of the within answer as if the same were set forth more fully herein, and hereby incorporates the same herein by reference.

101. Mixitforme is without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 101 of ERII's Complaint, and, as such, leaves ERII to its burden of proof thereon. To the extent a response to the allegations and averments set forth in said Paragraph 101 is required, Mixitforme denies the same.

102. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 102 of ERII's Complaint insofar as the terms and conditions of the Policy speak for themselves; however, to the extent a response to the allegations and averments set forth in said Paragraph 102 is required, Mixitforme denies the same.

103. Mixitforme is without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 103 of ERII's Complaint, and, as such, leaves ERII to its burden of proof thereon. To the extent a response to the allegations and averments set forth in said Paragraph 103 is required, Mixitforme denies the same.

104. Mixitforme is without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 104 of ERII's Complaint, and, as such, leaves ERII to its burden of proof thereon. To the extent a response to the allegations and averments set forth in said Paragraph 104 is required, Mixitforme denies the same.

105. Mixitforme is without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 105 of ERII's Complaint, and, as such, leaves ERII to its burden of proof thereon. To the extent a response to the allegations and averments set forth in said Paragraph 105 is required, Mixitforme denies the same.

106. Mixitforme is without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 106 of ERII's Complaint, and, as such, leaves ERII to its burden of proof thereon. To the extent a response to

the allegations and averments set forth in said Paragraph 106 is required, Mixitforme denies the same.

## COUNT IV

**Declaratory Judgment – No Duty to Defend or Indemnify with Respect to Amex Action**

107. Mixitforme reasserts and realleges its answers and responses to Paragraphs 1 through 106 of the within answer as if the same were set forth more fully herein, and hereby incorporates the same by reference.

108. Mixitforme can neither admit nor deny the allegations and averments set forth in Paragraph 108 of ERII's Complaint insofar as the terms and conditions of the Policy speak for themselves; however, to the extent a response to the allegations and averments set forth in said Paragraph 108 is required, Mixitforme denies the same.

109. Mixitforme admits only that the Amex Action does not name Mixitforme as a party, or otherwise mention Mixitforme in its Complaint. Mixitforme denies each and every remaining allegation set forth in Paragraph 109 of ERII's Complaint.

110. Mixitforme denies the allegations and averments set forth in Paragraph 110 of ERII's Complaint.

111. Mixitforme is without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 111 of ERII's Complaint, and, as such, leaves ERII to its burden of proof thereon. To the extent a response to the allegations and averments set forth in said Paragraph 111 is required, Mixitforme denies the same.

112. Mixitforme is without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 112 of ERII's Complaint, and, as such, leaves ERII to its burden of proof thereon. To the extent a response to the allegations and averments set forth in said Paragraph 112 is required, Mixitforme denies the same.

113. Mixitforme is without sufficient information and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 113 of ERII's Complaint, and, as such, leaves ERII to its burden of proof thereon. To the extent a response to

the allegations and averments set forth in said Paragraph 113 is required, Mixitforme denies the same.

## COUNT V

### Declaratory Judgment – No Duty to Indemnify Any of the Defendants for Amounts Not Constituting Loss Arising from the Siiber, ISS, Key West Actions and Amex Actions

114. Mixitforme reasserts and realleges its answers and responses to Paragraphs 1 through 113 of the within answer as if the same were set forth more fully herein, and hereby incorporates the same by reference.

115. Mixitforme neither admits nor denies the allegations and averments set forth in Paragraph 115 of ERII's Complaint insofar as the claims and/or prayers for relief set forth in the Siiber Action speak for themselves; however, to the extent a response to the allegations and averments set forth in said Paragraph 115 is required, Mixitforme denies the same.

116. Mixitforme neither admits nor denies the allegations and averments set forth in Paragraph 116 of ERII's Complaint insofar as the claims and/or prayers for relief set forth in the ISS Action speak for themselves; however, to the extent a response to the allegations and averments set forth in said Paragraph 116 is required, Mixitforme denies the same.

117. Mixitforme neither admits nor denies the allegations and averments set forth in Paragraph 117 of ERII's Complaint insofar as the claims and/or prayers for relief set forth in the Key West Action speak for themselves; however, to the extent a response to the allegations and averments set forth in said Paragraph 117 is required, Mixitforme denies the same.

118. Mixitforme neither admits nor denies the allegations and averments set forth in Paragraph 118 of ERII's Complaint insofar as the claims and/or prayers for relief set forth in the Amex Action speak for themselves; however, to the extent a response to the allegations and averments set forth in said Paragraph 118 is required, Mixitforme denies the same.

119. Mixitforme denies the allegations and averments set forth in Paragraph 119 of ERII's Complaint.

120. Mixitforme denies the allegations and averments set forth in Paragraph 120 of ERII's Complaint.

121. Mixitforme denies the allegations and averments set forth in Paragraph 121 of ERII's Complaint.

122. Mixitforme denies the allegations and averments set forth in Paragraph 122 of ERII's Complaint.

## Affirmative Defenses

### First Affirmative Defense

ERII's claims must fail insofar as ERII has failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

ERII's claims are precluded by the doctrine of estoppel.

### Third Affirmative Defense

ERII's claims are precluded by the doctrine of unclean hands.

### Fourth Affirmative Defense

ERII's claims are precluded by the doctrine of waiver.

### Fifth Affirmative Defense

ERII's claims are precluded by its breach of contract.

### Sixth Affirmative Defense

ERII's claims are precluded by the clear and unambiguous language of the Policy.

### Seventh Affirmative Defense

ERII's claims are precluded by its own misfeasance/malfeasance.

### Eighth Affirmative Defense

ERII's claims are precluded by its own negligence.

### Ninth Affirmative Defense

ERII's claims are precluded by its own bad faith.

### Tenth Affirmative Defense

ERII's claims are precluded by its breach of its duty of good faith and in fair dealing with Mixitforme.

### Eleventh Affirmative Defense

ERII's claims are precluded insofar as it has failed to properly name and/or identify Mixitforme as a party.

## Twelfth Affirmative Defense

ERII's claims are precluded by the Superior Court order appointing the Receiver.

## Thirteenth Affirmative Defense

Mixitforme hereby reserves the right to so amend the within answer and add such additional affirmative defenses as may become known and/or necessary during the course of the instant litigation.

WHEREFORE, for the foregoing reasons, Mixitforme respectfully prays that this Court dismiss, and deny, ERII's Complaint, with prejudice, that this Court enter judgment in favor of Mixitforme, and against ERII, upon ERII's Complaint, that this Court award to Mixitforme any and all costs and/or expenses incurred in the defense of ERII's Complaint including without limitation any and all attorneys fees, and that this Court award to Mixitforme such other further relief as this Court may deem fair, just and reasonable.

Respectfully submitted,

Joseph P. Ferrucci, in his capacity as the duly appointed Permanent Receiver of Mixitforme.com d/b/a Mixitforme, Inc.

By his Attorneys,

/s/ Christopher M. Mulhearn

Christopher M. Mulhearn (#5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401) 455-1000
Fax: (401) 455-7778

## Jury Demand

Defendant, Mixitforme.com, d/b/a Mixitforme, Inc. ("Mixitforme") hereby demands a trial by jury on all counts so triable.

## COUNTERCLAIM

## PARTIES

1. Plaintiff-in-Counterclaim, Mixitforme.com, d/b/a Mixitforme, Inc. ("Mixitforme") brings the within Counterclaim by and through Joseph P. Ferrucci, Esq. (the "Receiver"), in his capacity as the duly appointed Permanent Receiver of Mixitforme, and not in his individual capacity. The Receiver was appointed by the Rhode Island Superior Court in or about May, 2006. At all times relevant hereto, Mixitforme's principal place of business was located in Providence, Rhode Island.

2. Upon information and belief, Defendant-in-Counterclaim, Executive Risk Indemnity, Inc. ("ERII") is a duly organized corporation pursuant to the laws of the State of Delaware, having a principal place of business located in Warren, New Jersey.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this cause under 28 U.S.C. §1332(a) in that the matter in controversy, exclusive interest and costs, exceeds the sum or value of $75,000.00, and is between citizens of different states.

4. Venue is proper in this Court under 28 U.S.C. §1391(a) as a substantial part of the events giving rise to this claim occurred in this judicial district.

## ALLEGATIONS COMMON TO ALL COUNTS

5. ERII is in the business of providing and/or underwriting business liability insurance for corporate entities, such as Mixitforme.

6. In or about October, 2005, ERII issued to Mixitforme that certain Power Source Insurance Policy No.: 6803-4755 (the "Policy") insuring Mixitforme against, among other things,

business liability, torts and/or other claims. The Policy has a maximum aggregate limit of liability of Two Million and 00/100 Dollars ($2,000,000.00).

7. Thereafter, in or about November, 2005, Siiber Marketing, Inc. ("Siiber") filed a Complaint against Mixitforme, and others, in the Court of Common Pleas for Lake County, Ohio (the "Siiber Action") alleging breach of contract, business torts and statutory violations.

8. ERII disputes and/or denies the existence of any insurance coverage for Mixitforme under the Policy with respect to the Siiber Action.

9. Notwithstanding, ERII has agreed to defend Mixitforme relative to the Siiber Action pursuant to the Policy under a full reservation of rights pending a determination on the issue of coverage herein.

10. Further, in or about February, 2006, Internet Sales Solutions, LLC ("ISS") filed a Complaint against Mixitforme, and others, in the United States District Court for the Central District of Illinois (the "ISS Action") alleging breach of contract and business torts.

11. ERII disputes and/or denies the existence of coverage for Mixitforme under the Policy with respect to the ISS Action.

12. Notwithstanding, ERII has agreed to defend Mixitforme with respect to the ISS Action pursuant to the Policy under a full reservation of rights pending a determination on the issue of coverage herein.

13. Additionally, in or about February, 2006, Key West Marketing, Inc. ("Key West") filed a Complaint against Mixitforme, and others, in the Providence County Superior Court (the "Key West Action") alleging breach of contract and other contract related claims, business torts and statutory violations.

14. ERII disputes and/or denies the existence of coverage under the Policy with respect to the Key West Action.

15. Notwithstanding, ERII has agreed to defend Mixitforme with regard to the Key West Action under a full reservation of rights pending a determination on the issue of coverage herein.

## COUNT I
### Declaratory Judgment

16. Mixitforme hereby realleges and incorporates herein by reference Paragraphs 1 through 15 of its Counterclaim as if the same were stated more fully herein.

17. The rights, status and legal standing of the parties are governed by the Policy, R.I. Gen. Laws and the Rhode Island common law.

18. A dispute has arisen in connection therewith.

WHEREFORE, Mixitforme respectfully prays that this Court enter an order that provides as follows:

a) A declaration by this Court that in or about October, 2005, Mixitforme has legal standing to enforce, and benefit from, its legally valid, binding and enforceable insurance contract with ERII.

b) A declaration by this Court that in or about October, 2005, Mixitforme and ERII entered into a legally valid, binding and enforceable insurance contract.

c) A declaration by this Court that the Policy does afford insurance coverage to Mixitforme with respect to the Siiber Action.

d) A declaration by this Court that the Policy does afford insurance coverage to Mixitforme with respect to the ISS Action.

e) A declaration by this Court that that the Policy does afford insurance coverage to Mixitforme with respect to the Key West Action.

f) A declaration by this Court that the Policy does afford indemnity coverage to Mixitforme with respect to the Siiber Action, ISS Action and Key West Action, respectively.

g) An award to Mixitforme for any and all costs and expenses incurred in the prosecution of the within Counterclaim, including without limitation any and all attorneys' fees in connection herewith.

h) An award to Mixitforme of such other further relief as this Court may deem fair, just and reasonable.

Respectfully submitted,

Joseph P. Ferrucci, in his capacity as the duly appointed Permanent Receiver of Mixitforme.com d/b/a Mixitforme, Inc.

By his Attorneys,

/s/ Christopher M. Mulhearn

Christopher M. Mulhearn (#5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401) 455-1000
Fax: (401) 455-7778

## Jury Demand

Plaintiff-in-Counterclaim, Mixitforme.com, d/b/a Mixitforme, Inc. ("Mixitforme") hereby demands a trial by jury on all counts so triable.

## CERTIFICATION

I hereby certify that on this 17th day of November, 2006, the foregoing was served upon **Stephen Reid, Esq.**, via e-mail @ sjr@blishcavlaw.com.

/s/ Christopher M. Mulhearn