UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EXECUTIVE RISK INDEMNITY, INC.<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH P. FERRUCCI, as the Court-Appointed Receiver for Mix It For Me.com d/b/a MixITforMe, Inc., CORY JOHNSON, DAVID ANDREWS a/k/a "DAVID WHITAKER", PATRICK HOLT, and SALLY HERSEY<br><br>Defendants. | C.A. No. 06-372T |

**EXECUTIVE RISK INDEMNITY, INC.'S REPLY TO COUNTERCLAIM OF JOSEPH P. FERRUCCI, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR MIXITFORME.COM**

Plaintiff and Counterclaim Defendant Executive Risk Indemnity, Inc. ("ERII"), for its Reply to the Counterclaim asserted by Joseph P. Ferrucci (the "Receiver") in his capacity as the Court-Appointed Receiver of Mix It For Me.com, d/b/a MixITforMe, Inc. ("MIFM"), states as follows:

## PARTIES

1. ERII admits the allegations in Paragraph 1.

2. ERII admits that ERII is a stock insurance company, duly organized and incorporated under the laws of the State of Delaware, with its principal place of business located in Warren, New Jersey. ERII otherwise denies the allegations in Paragraph 2.

## JURISDICTION AND VENUE

3. Paragraph 3 sets forth conclusions of law to which no response is required.

4. Paragraph 4 sets forth conclusions of law to which no response is required.

## ALLEGATIONS COMMON TO ALL COUNTS

5. ERII admits that it issued Power Source Policy Number 6803-4755 (the "Policy") to MIFM for the **Policy Period** of September 28, 2005 to September 28, 2006, and that the Policy provides coverage to MIFM pursuant to its terms, provisions, conditions, exclusions and endorsements, which speak for themselves. ERII admits that its business includes issuing insurance policies. ERII otherwise denies the allegations in Paragraph 5.

6. ERII admits that it issued the Policy to MIFM in October 2005, and that the Policy affords coverage to MIFM pursuant to its terms, provisions, conditions, exclusions and endorsements, which speak for themselves. ERII admits that the Policy has a Combined Maximum Aggregate Limit of Liability for all **Claims** under all **Liability Coverage Sections** of $2,000,000.00. ERII otherwise denies the allegations in Paragraph 6.

7. ERII admits that in November 2005, Siiber Marketing, Inc. ("Siiber") filed a Complaint against MIFM and others in the Court of Common Pleas for Lake County, Ohio (the "Siiber Action"). That complaint speaks for itself. ERII otherwise denies the allegations in Paragraph 7.

8. ERII admits that it has filed a Complaint in the present action seeking a declaration that the Policy does not afford coverage for the Siiber Action. ERII further states that by letter dated July 26, 2006, ERII informed the Receiver that, based upon the information available to ERII, the Policy does not cover the Siiber Action. ERII further states that in the same letter, ERII invited the Receiver to submit any information that would suggest any conclusions to the contrary. ERII states that it has not received any such information to date, and upon information and belief, no such information exists. ERII otherwise denies the allegations in Paragraph 8.

9. ERII admits that it has agreed to defend MIFM in the Siiber Action under a full reservation of its rights, while ERII seeks confirmation from this Court that ERII has no duty to defend or to indemnify MIFM with respect to the Siiber Action. ERII otherwise denies the allegations in Paragraph 9.

10. ERII admits that in February 2006, Internet Sales Solutions, LLC ("ISS") filed a Complaint against MIFM and others in the United States District Court for the Central District of Illinois (the "ISS Action"). That complaint speaks for itself. ERII otherwise denies the allegations in Paragraph 10.

11. ERII admits that it has filed a Complaint in the present action seeking a declaration that the Policy does not afford coverage for MIFM for the ISS Action. ERII further states that by letter dated August 3, 2006, ERII informed the Receiver that, based upon the information available to ERII, the Policy does not provide coverage for MIFM for the ISS Action. ERII further states that in the same letter, ERII invited the Receiver to submit any information that would suggest any conclusions to the contrary. ERII states that it has not received any such information to date, and upon information and belief, no such information exists. ERII otherwise denies the allegations in Paragraph 11.

12. ERII admits that it has agreed to defend MIFM in the ISS Action under a full reservation of its rights, while ERII seeks confirmation from this Court that ERII has no duty to defend or to indemnify MIFM with respect to the ISS Action. ERII otherwise denies the allegations in Paragraph 12.

13. ERII admits that in February 2006, Key West Marketing, Inc. ("Key West") filed a Complaint against MIFM and others in the Providence County Superior Court (the "Key West Action"). That complaint speaks for itself. ERII otherwise denies the allegations in Paragraph 13.

14. ERII admits that it has filed a Complaint in the present action seeking a declaration that the Policy does not afford coverage for MIFM for the Key West Action. ERII further states that by letter dated August 3, 2006, ERII informed the Receiver that, based upon the information available to ERII, the Policy does not provide coverage for MIFM for the Key West Action. ERII further states that in the same letter, ERII invited the Receiver to submit any information that would suggest any conclusions to the contrary. ERII states that it has not

received any such information to date, and upon information and belief, no such information exists. ERII otherwise denies the allegations in Paragraph 14.

15. ERII admits that it has agreed to defend MIFM in the Key West Action under a full reservation of its rights, while ERII seeks confirmation from this Court that ERII has no duty to defend or to indemnify MIFM with respect to the Key West Action. ERII otherwise denies the allegations in Paragraph 15.

16. ERII incorporates by reference herein its responses to the allegations in Paragraphs 1-15.

17. Paragraph 17 sets forth conclusions of law to which no response is required.

18. ERII admits that the Receiver has denied certain of ERII's allegations in the present lawsuit and that ERII denies certain of the Receiver's allegations in his counterclaim. ERII otherwise denies Paragraph 18.

Any and all allegations not expressly admitted, denied, qualified or otherwise responded to are hereby denied.

## RESPONSE TO PRAYER FOR RELIEF

ERII denies that MIFM and/or the Receiver are entitled to any of the relief requested in the Counterclaim.

## DEFENSES

### First Defense

The Counterclaim fails to state a claim upon which relief may be granted.

### Second Defense

The Counterclaim is barred with respect to the Siiber Action because the Policy's Prior Knowledge Exclusion bars coverage for MIFM for the Siiber Action.

**Third Defense**

The Counterclaim is barred by the operation of Clause III(C)(2) of the Policy's Directors & Officers Liability ("D&O") Coverage Section (the "Contract Exclusion").

**Fourth Defense**

The Counterclaim is barred by the operation of Clause III(A)(11) of the Policy's D&O Coverage Section (the "Illegal Profit or Advantage Exclusion").

**Fifth Defense**

The Counterclaim is barred by the operation of Clause III(A)(2) of the Policy's D&O Coverage Section (the "Prior Demand Exclusion"), to the extent the Siiber, ISS and/or the Key West Actions are based upon, arise from, or are in consequence of a written demand against any **Insured** made on or prior to September 28, 2005, or the same or any substantially similar fact, circumstance or situation underlying such demand or alleged in such demand.

**Sixth Defense**

The Counterclaim is barred by the operation of Clause III(A)(10) of the Policy's D&O Coverage Section (the "Fraud Exclusion"), to the extent that the Siiber, ISS and/or the Key West Actions arise from any deliberately fraudulent act or omission or any willful violation of any statute or regulation by MIFM, if a final and non-appealable judgment or adjudication adverse to MIFM establishes such a deliberately fraudulent act or omission or willful violation.

**Seventh Defense**

The Counterclaim is barred by MIFM's breach of the Policy's notice provision, set forth in Clause VII(A)(1) of the Policy's General Terms and Conditions Section ("General Terms").

**Eighth Defense**

The Counterclaim is barred to the extent that MIFM or the Receiver breached their obligations under Clause IX(B) of the Policy's General Terms, which provides that "[t]he **Insureds** agree to provide the **Company** with all information, assistance and cooperation which

the **Company** reasonably requests and agree they will do nothing that may prejudice the **Company's** position or its potential or actual rights of recovery."

**Ninth Defense**

The Counterclaim is barred as to the Siiber Action by those filings and/or statements by MIFM and/or the Receiver that breached the obligation under the Policy to "do nothing that may prejudice the **Company's** position or its potential or actual rights of recovery."

**Tenth Defense**

The Counterclaim is barred to the extent that material misrepresentations or omissions were made in the application for the Policy or in other information provided during the underwriting process for the Policy. Such misrepresentations or omissions would render the Policy void *ab initio*.

**Eleventh Defense**

The Counterclaim is barred to the extent that MIFM seeks recovery for any of the following: the disgorgement, restitution, return or rescission of any money, property or value to which MIFM or its directors or officers were not legally entitled; non-monetary injunctive relief; amounts due under contract; and any other items not constituting **Loss** under the applicable law or under the definition set forth in Clause II(L) of the Policy's D&O Coverage Section.

**Twelfth Defense**

The Counterclaim is barred to the extent that Siiber, ISS and/or Key West Actions arise from actions, misstatements, or omissions by **Insured Persons** acting outside their insured capacity.

**Thirteenth Defense**

The Counterclaim is barred by MIFM's failure to satisfy one or more conditions precedent to coverage or to filing suit against ERII.

**Fourteenth Defense**

The Counterclaim is barred by Section XVI of the Policy's General Terms insofar as there has not been full compliance with all the terms of the Policy.

**Fifteenth Defense**

The Counterclaim is barred to the extent amounts for which the Receiver and/or MIFM seek coverage are indemnifiable or reimbursable by any other person or entity or which are covered in whole or in part by any other policy of insurance.

**Sixteenth Defense**

The Counterclaim is barred in whole or in part by MIFM's and/or the Receiver's waiver or estoppel.

**Seventeenth Defense**

The Counterclaim is barred to the extent that the damages sought by plaintiffs in the Siiber, ISS and/or Key West Actions are uninsurable as a matter of public policy.

**Eighteenth Defense**

The Counterclaim is barred in whole or in part by all terms, conditions, definitions, exclusions, limits of liability and deductible amounts set forth in the Policy.

**Nineteenth Defense**

Any prayer for damages is barred by the failure of Counterclaim-Plaintiffs to take reasonable efforts to mitigate any alleged damages.

**Twentieth Defense**

Any prayer for equitable relief is barred in whole or in part by the doctrine of unclean hands.

**Twenty-First Defense**

ERII affirmatively asserts any other matter that constitutes an avoidance or Defense under applicable law. ERII reserves the right to interpose any and all defenses available to it under federal and state law which may be applicable to this action as they become available or apparent, or as they may be established during discovery and by the evidence in this case. ERII reserves the right to amend its reply to MIFM's Counterclaim to assert such additional defenses.

WHEREFORE, having fully answered the Counterclaim, ERII respectfully requests that the Counterclaim be dismissed, that the Court enter judgment in favor of ERII on ERII's Complaint and MIFM's Counterclaim, and that the Court grant ERII such other and further relief as it may deem just and proper.

Respectfully submitted,

/s/ Stephen J. Reid, Jr.
Stephen J. Reid, Jr. (#2811)
sjr@blishcavlaw.com
BLISH & CAVANAGH, L.L.P.
Commerce Center
30 Exchange Terrace
Providence, R.I. 02903-1765
(401) 831-8900
(401) 751-7542 (fax)

/s/ Michelle A. Kisloff
/s/ Joseph A. Bailey III
Michelle A. Kisloff
Joseph A. Bailey III
HOGAN & HARTSON, L.L.P.
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109
(202) 637-5600
(202) 637-5910 (fax)

*Attorneys for Plaintiff and Counterclaim-Defendant Executive Risk Indemnity, Inc.*

Dated: December 6, 2006

## CERTIFICATION OF SERVICE

I hereby certify that on the 6th day of December, 2006, I caused a true copy of the foregoing Executive Risk Indemnity, Inc.'s Reply To Counterclaim Of Joseph P. Ferrucci, In His Capacity As Court-Appointed Receiver For Mix It For Me.com to be electronically filed to the following:

Paul E. Phillips, Esq.
pphillips@pdlawri.com
91 Friendship Street
Fourth Floor
Providence, RI 02903

William J. Delaney, Esq.
wdelaney@tllaw.com
Tillinghast Licht, LLP
Ten Weybosset Street
Providence, RI 02903

Christopher M. Mulhearn, Esq.
cmulhearn@frlawri.com
Ferrucci Russo, P.C.
55 Pine Street
Providence, RI 02903

/s/ Stephen J. Reid, Jr.