UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EXECUTIVE RISK INDEMNITY, INC.<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH P. FERRUCCI, as the Court-Appointed Receiver for Mix It For Me.com d/b/a MixITforMe, Inc., CORY JOHNSON, DAVID ANDREWS a/k/a "DAVID WHITAKER", PATRICK HOLT, and SALLY HERSEY<br><br>Defendants. | C.A. No. 06-372T |

**EXECUTIVE RISK INDEMNITY, INC.'S**
**MOTION TO COMPEL**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiff Executive Risk Indemnity, Inc. ("ERII") respectfully moves for an order to compel Defendant Joseph P. Ferrucci (the "Receiver") to comply with his obligations under Rule 34 to produce all documents responsive to ERII's First Set of Requests for Production of Documents Directed to Defendants ("Document Requests"), to provide a list of potentially responsive documents which the Receiver understands to be in the U.S. Attorney's possession, and to complete his Rule 26(a) disclosures. ERII also respectfully requests an award of its expenses incurred in connection with this motion, pursuant to Rule 37(a)(4) of the Federal Rules of Civil Procedure.

As discussed below, ERII is plainly entitled to the discovery at issue in this motion. ERII has made every effort to avoid having to bring this motion, but the Receiver has made little or no effort to comply with his discovery obligations. ERII thus seeks an order requiring the Receiver to provide the discovery discussed below.

## BACKGROUND

On March 15, 2007, ERII mailed the Document Requests to the Receiver. See Ex. 1 to Certification of Stephen J. Reid, Jr. in Supp. of Mot. to Compel ("Reid Certif."). The Receiver was required to respond to the Document Requests by April 17, 2007. FED. R. CIV. P. 6 and 34(b). That deadline passed without any response from the Receiver. See Reid Certif. ¶ 3. Nor had the Receiver completed his Rule 26(a) disclosures, which also were overdue by that time. See id.; FED. R. CIV. P. 26(a).

On April 23, 2007, ERII requested the Receiver to confirm whether the Receiver would be responding to the Document Requests. See Ex. 2 to Reid Certif. The Receiver thereafter requested an extension until May 18, 2007 to do so. See Ex. 3 to Reid Certif. ERII granted the requested extension on the condition that by that date, the Receiver produce any responsive documents and provide a list of categories of any potentially responsive documents understood by the Receiver to be in the U.S. Attorney's possession. See Ex. 4 to Reid Certif. In a subsequent conversation, counsel for the Receiver also agreed to complete the Receiver's Rule 26(a) disclosures by May 18, 2007. See Reid Certif. ¶ 7.

On May 17, 2007, counsel for the Receiver requested a further extension, explaining that the Receiver had decided to seek leave from the court overseeing Mix It For Me.com's ("MIFM") receivership to allow entry of judgment in the present action in ERII's favor and to dismiss the Receiver's counterclaim in the present action against ERII. Counsel stated that he would meet with the judge in the receivership action early the following week to discuss this. ERII consequently agreed to extend the Receiver's deadline to May 25, 2007. See Reid Certif. ¶ 8. In mid June 2007, counsel for the Receiver stated that he had met with the judge in the receivership action to discuss allowing entry of judgment in ERII's favor and

dismissing the Receiver's counterclaim, and was awaiting receipt of an order from the court. Counsel for ERII advised that even if such an order were to be granted and the Receiver were to be dismissed as a party, as the custodian of MIFM's documents, the Receiver would still be required to make available the documents in question. Counsel for ERII subsequently left counsel for the Receiver multiple messages seeking an update. Counsel for the Receiver did not return these calls. See Reid Certif. ¶ 9.

By letter dated July 11, 2007, ERII notified the Receiver that if by July 20 the Receiver did not respond to the Document Requests, produce all responsive documents, provide the list of documents known to be in the U.S. Attorney's possession and comply with the Receiver's obligations under Rule 26(a), then ERII would be forced to file a motion to compel. See Ex. 5 to Reid Certif. Messages that counsel for ERII subsequently left for counsel for the Receiver seeking an update went unreturned. See Reid Certif. ¶ 10.

## ARGUMENT

Rule 37(a) of the Federal Rules of Civil Procedure allows a party to move to compel when another party has failed to comply with its obligations under Rules 26(a) and 34. See FED. R. CIV. P. 37(a). The Receiver's deadlines by which to comply with his obligations under Rules 26(a) and 34 of the Federal Rules of Civil Procedure passed in late May 2007. See supra. ERII has bent over backward to avoid having to bring this motion, giving the Receiver more than adequate additional time to comply with his discovery obligations and, as required by Rule 37(a), attempting in good faith to confer with counsel for the Receiver regarding the Receiver's continued discovery failures. The Receiver nevertheless continues to fail to make any effort to comply with his discovery obligations much less than return ERII's calls. See supra. An order compelling discovery is more than appropriate here.

Rule 37(a)(4) provides that when an order compelling discovery is granted, the Court "shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees. . . ." Pursuant to Rule 37(a)(4), ERII also requests an award of the fees it incurred in bringing this motion.

For the foregoing reasons, ERII respectfully requests that the Court order the Receiver to produce all documents responsive to ERII's First Set of Requests for Production of Documents Directed to Defendants ("Document Requests"), to provide a list of potentially responsive documents which the Receiver understands to be in the U.S. Attorney's possession, and to complete his Rule 26(a) disclosures. ERII also requests that the Court order the Receiver and/or his counsel to pay ERII's reasonable expenses in bringing this motion. If requested, ERII will provide an affidavit documenting those expenses to assist the Court in making such an award.

Respectfully submitted,

/s/ Stephen J. Reid, Jr., Esq.
Stephen J. Reid, Jr. (#2811)
sjr@blishcavlaw.com
BLISH & CAVANAGH, LLP
Commerce Center
30 Exchange Terrace
Providence, R.I. 02903-1765
(401) 831-8900
(401) 751-7542 (fax)

*Attorneys for Plaintiff Executive Risk Indemnity, Inc.*

/s/ Michelle A. Kisloff
/s/ Joseph A. Bailey III
Michelle A. Kisloff
MAKisloff@HHLaw.com
Joseph A. Bailey III
JABailey@HHLaw.com
HOGAN & HARTSON, L.L.P.
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109
(202) 637-5600
(202) 637-5910 (fax)

Dated: July 26, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of July, 2007, I caused a copy of the foregoing Executive Risk Indemnity, Inc.'s Motion to Compel to be electronically served upon:

Christopher M. Mulhearn, Esq.
cmulhearn@frlawri.com
Ferrucci Russo, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

Paul E. Phillips, Esq.
pphillips@pdlawri.com
Phillips & D'Aloisio
91 Friendship Street, Fourth Floor
Providence, RI 02903

William J. Delaney, Esq.
wdelaney@tllaw.com
Tillinghast Licht LLP
10 Weybosset Street
Providence, RI 02903

/s/ Stephen J. Reid, Jr., Esq.
Stephen J. Reid, Jr. (#2811)
sjr@blishcavlaw.com
BLISH & CAVANAGH, LLP
Commerce Center
30 Exchange Terrace
Providence, R.I. 02903-1765
(401) 831-8900
(401) 751-7542 (fax)