# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EXECUTIVE RISK INDEMNITY, INC.<br><br>Plaintiff<br><br>v.<br><br>JOSEPH P. FERRUCCI, as the Court-Appointed Receiver for Mix It For Me.com d/b/a MixITforMe, Inc., CORY JOHNSON, DAVID ANDREWS a/k/a "DAVID WHITAKER", PATRICK HOLT, and SALLY HERSEY<br><br>Defendants | ) | C.A. No. 06-372T |

**EXECUTIVE RISK INDEMNITY, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS**

Pursuant to Federal Rule of Civil Procedure 34, Defendant Executive Risk Indemnity Inc. ("ERII") requests that Defendants Joseph P. Ferrucci, as the Court-Appointed Receiver for Mix ItforMe.com d/b/a MixItforMe, Inc. ("MIFM"), Cory Johnson ("Johnson"), and Sally Hersey ("Hersey") produce the documents described below on or before 30 days after service of this First Set of Requests for Production of Document (the "Requests").

**INSTRUCTIONS**

1. Produce all documents in the form, order and manner in which they are regularly maintained, or, in the alternative, identify, by number, the Request or Requests pursuant to which you are producing each document.

2. Produce all responsive documents in your possession, custody or control or in the possession, custody or control of your representatives and agents, including all former and current counsel.

3. With respect to any responsive documents which you decline to produce because of a claim of privilege, provide with your production a written log containing the following information as to each document: the date, author, and type of document; the names and job titles of the persons to whom the document was sent; a summary of the content of the document and the number of pages of the document; and a detailed description of the grounds for the claim of privilege.

4. In the event that a document called for by these Requests has been destroyed, the response hereto shall identify for each document: (i) its preparer; (ii) its addressor; (iii) its addressee(s); (iv) each recipient thereof; (v) each person to whom it was distributed or shown; (vi) date prepared; (vii) date transmitted; (viii) date received; (ix) the manner of its destruction; (xii) the name, title and address of the person authorizing its destruction; (xiii) the reason(s) for its destruction; (xiv) the name, title and address of the person destroying the document; and (xv) a description of efforts to locate the document and copies of it.

5. The documents requested are to be produced to the offices of Blish & Cavanagh, LLP, Commerce Center, 30 Exchange Terrace, Providence, RI 02903, Attn: Stephen J. Reid, Jr.,within thirty days of service of these Requests.

6. These Requests are continuing and shall be supplemented or corrected as required by Federal Rule of Civil Procedure 26(e).

**DEFINITIONS**

1. "Amex" means American Express Bank, FSB and includes any past or present officers, directors, agents, servants, and employees, as well as any of its past or present corporate affiliates, divisions, subgroups, subsidiaries, parent corporations, predecessors or successors in interest and their present or former officers, directors, agents, servants and employees.

2. "Amex Action" means the lawsuit captioned American Express Bank, FSB v. Cory Johnson, C.A. No. KC 06-443 (R.I. Super. Ct., Kent).

3. "Andrews" means Defendant David Andrews a/k/a "David Whitaker" a/k/a "Chase Andrews" a/k/a "Slade Austin," as well as his attorneys, agents, servants, employees, or other authorized representatives.

4. "Decotis" means Decotis Insurance Associates Inc. and includes any past or present officers, directors, agents, servants, and employees, as well as any of its past or present corporate affiliates, divisions, subgroups, subsidiaries, parent corporations, predecessors or successors in interest and their present or former officers, directors, agents, servants and employees.

5. "Defendants" means any and all of the Receiver, Johnson, Andrews, and Hersey.

6. "Individual Defendants" means any and all of Johnson, Andrews, and Hersey.

7. "ERII" means Plaintiff Executive Risk Indemnity Inc. and includes any past or present officers, directors, agents, servants, and employees, as well as any of its past or present corporate affiliates, divisions, subgroups, subsidiaries, parent corporations, predecessors or successors in interest and their present or former officers, directors, agents, servants and employees.

8. "Hersey" means Defendant Sally Hersey, as well as her attorneys, agents, servants, employees, or other authorized representatives.

9. "ISS" means Internet Sales Solutions, LLC and includes any past or present officers, directors, agents, servants, and employees, as well as any of its past or present corporate affiliates, divisions, subgroups, subsidiaries, parent corporations, predecessors or successors in interest and their present or former officers, directors, agents, servants and employees.

10. "ISS Action" means the lawsuit captioned Internet Sales Solutions, LLC v. Dave Andrews, Cory Johnson, Patrick Holt and Mixitforme.com, Case No. 2:06-cv-02036-MPM-DGB (C.D. Ill.).

11. "Johnson" means Defendant Cory Johnson, as well as his attorneys, agents, servants, employees, or other authorized representatives.

12. "Johnson Amex Account" means American Express Business Platinum Card Account No. 3715-355088-02002.

13. "Key West" means Key West Marketing, Inc. and includes any past or present officers, directors, agents, servants, and employees, as well as any of its past or present corporate affiliates, divisions, subgroups, subsidiaries, parent corporations, predecessors or successors in interest and their present or former officers, directors, agents, servants and employees.

14. "Key West Action" means the lawsuit captioned Key West Marketing, Inc. v. Mix It For Me, Inc., Interactive Learning Networks, Inc. d/b/a Cutting Edge Technologies, Cory Johnson, David Andrews, and Sally Hersey, Case No. 2006-0627 (R.I. Super. Ct., Providence).

15. "MIFM" means Mix It For Me.com d/b/a MixITforMe, Inc. and includes any past or present officers, directors, agents, servants, and employees, as well as any of its past or present corporate affiliates, divisions, subgroups, subsidiaries, parent corporations, predecessors

or successors in interest and their present or former officers, directors, agents, servants and employees.

16. "MIFM Customer Reimbursement Account" means MIFM Account No. 52012945 held with the Bank Rhode Island.

17. "Policy" means Power Source Policy Number 6803-4755 (the "Policy") issued by ERII to MIFM for the Policy Period of September 28, 2005 to September 28, 2006.

18. "Receiver" means Joseph P. Ferrucci, in his capacity as the Court-Appointed Receiver for MIFM.

19. "Siiber" means Siiber Marketing, Inc. and includes any past or present officers, directors, agents, servants, and employees, as well as any of its past or present corporate affiliates, divisions, subgroups, subsidiaries, parent corporations, predecessors or successors in interest and their present or former officers, directors, agents, servants and employees.

20. "Siiber Action" means the lawsuit captioned Siiber Marketing, Inc. v. MixItForMe, Inc. and Cory Johnson, Case No. 1:05CV2972 (N.D. Ohio).

21. "Underlying Actions" means any and all of the Siiber Action, ISS Action, Key West Action, and Amex Action.

22. "Underlying Plaintiffs" means any and all of Siiber, ISS, Key West and Amex.

23. The singular shall include the plural and vice versa.

24. All pronouns shall apply equally to the male, female and neuter genders.

25. The past tense shall include the present tense and vice versa.

26. The terms "any," "each" and "all" mean both any and all as necessary to make the Request inclusive rather than exclusive.

27. The terms "and" and "or" shall be construed as both conjunctive and disjunctive as necessary to make the Request inclusive rather than exclusive.

28. The term "including" shall be construed as including without limitation.

29. "Communication" means any written, oral, telephonic or other inquiry, examination, notice, representation, discussion, conversation, correspondence, telegram, e-mail, negotiation, review, claim, agreement, understanding, meeting or interview. "Communications between" any individual or entity and any other individual or entity includes communications going in either direction between such individuals or entities.

30. "Document" shall have the broadest possible meaning under Rule 34 of the Federal Rules of Civil Procedure as amended, and includes, without limitation, any papers, writings, or records of any type or source or authorship in your possession, custody or control, wherever located, however produced or reproduced, or whether a draft, an original, or a copy in whatever form, including but not limited to paper, all electronic media, magnetic tapes or videos. Any original or copy containing thereon or having attached thereto any alteration, notes, comments or other material not included in each other original or copy shall be deemed a separate document within the foregoing definition.

31. "Person" means any natural person, individual, partnership, organization, institution, corporation or other association.

32. "Relating to" or "relate to" means constituting, mentioning, recording, discussing, describing, reflecting, identifying, dealing with, consisting of, explaining, referring to, containing, enumerating, or in any way concerning or pertaining to, in whole or in part, directly or indirectly.

**DOCUMENTS REQUESTED**

1. All documents relating to the Policy or to any other insurance policy purchased by MIFM, including without limitation all documents relating to the preparation and completion of the application for the Policy.

2. All documents sufficient to show the identity of any and all persons who held any ownership interest in MIFM and the period during which each such person held such interest.

3. All documents relating to any criminal charges, indictments or convictions that occurred prior to September 28, 2005 involving any MIFM officer, director, agent, servant, or employee, including without limitation any of Individual Defendants.

4. Any and all insurance policies issued to MIFM by The Hartford or any of its subsidiaries or affiliates on or prior to September 28, 2005.

5. All documents relating to any chargebacks placed on any merchant accounts held by MIFM prior to September 28, 2005.

6. All documents relating to any demand for refund or compensation by any of MIFM's customers prior to September 28, 2005 regarding any action or omission by MIFM, including without limitation any failure or delay by MIFM to ship products to customers who had paid for such products.

7. All documents supporting or relating to any and all of the allegations in paragraphs 25, 29, 30, 31, 32, 35, 36 and 37 of MIFM's and Johnson's Counterclaim in the Siiber Action.

8. All documents relating to any and all communications between MIFM and any of Underlying Plaintiffs.

9. All documents relating to any order placed with MIFM by any of Underlying Plaintiffs or any contract or agreement between MIFM and any of the Underlying Plaintiffs.

10. All documents reflecting any telephone calls made to or from MIFM during September 2005, including without limitation any invoices, records, logs or notes relating to any such personal or business long distance, local, internet or cellular telephone calls.

11. Documents sufficient to show the identity of all of MIFM's telephone carriers during September 2005.

12. All documents reflecting any telephone calls made to or from Johnson during September 2005, including without limitation any invoices, records, logs or notes relating to any such personal or business long distance, local, internet or cellular telephone calls.

13. Documents sufficient to show the identity of all of Johnson's telephone carriers during September 2005.

14. All documents relating to the use of MIFM assets or funds to pay for any benefit, product or service for the personal use or enjoyment of any of the Individual Defendants. This includes without limitation any vehicles, transportation, housing, furnishings, artwork, or entertainment purchased or leased using MIFM assets.

15. All documents relating to the Johnson Amex Account, including without limitation any documents describing the payee and subject of any charge incurred on the Johnson Amex Account.

16. All documents relating to MIFM's financial condition from July through September 28, 2005, including but not limited to documents sufficient to show MIFM's assets, liabilities, any loans, lines of credit or other form of indebtedness identifying the assets held by MIFM at any time in September 2005.

17. All documents relating to Accounting Vision, Inc., including all communications between MIFM and Accounting Vision, Inc. or any owners, directors, officers or employees of Accounting Vision, Inc. and all documents relating to the financial statements prepared for MIFM by Accounting Vision, Inc.

18. All documents relating to the Underlying Actions, including but not limited to: all pleadings or other papers filed or served by any party or non-party; all documents produced by any party or third party; all exhibits used, offered or introduced in any depositions, hearings, trials or other proceedings; all transcripts of all depositions, hearings, conferences, trials or other proceedings; all expert or opinion reports, letters or memoranda prepared (whether or not served); and all documents relating to any actual, potential or proposed settlement.

19. All documents relating to any and all communications with ERII in connection with the Policy or with any of the Underlying Actions.

20. All documents relating to any and all communications with Decotis in connection with the Policy or with any of the Underlying Actions.

21. All documents relating to any and all communications among any of the Defendants in connection with the Policy or with any of the Underlying Actions.

22. Documents sufficient to show the identity of MIFM's past or present officers, directors, agents, servants, and employees and the time during which each such person held such position.

23. All documents relating to any and all communications with any other insurer in connection with any of the Underlying Actions.

24. All documents identified or required to be identified in response to ERII's First Set of Interrogatories to any of the Defendants.

Respectfully submitted,

Stephen J. Reid, Jr. (#2811)
(sjr@blishcavlaw.com)
BLISH & CAVANAGH, LLP.
Commerce Center
30 Exchange Terrace
Providence, R.I. 02903-1765
(401) 831-8900
(401) 751-7542 (fax)

Michelle A. Kisloff (MAKisloff@hhlaw.com)
Joseph A. Bailey III (JABaileyIII@hhlaw.com)
HOGAN & HARTSON, LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004-1109
(202) 637-5600
(202) 637-5910 (fax)

*Attorneys for Plaintiff Executive Risk Indemnity, Inc.*

Dated: March 15, 2007

## CERTIFICATION OF SERVICE

I hereby certify that on the 15th day of March, 2007, I caused the foregoing Executive Risk Indemnity, Inc.'s First Set Of Requests For Production Of Documents Directed To Defendants to be mailed to Paul E. Phillips, Esq., Phillips & D'Alosio, 91 Friendship Street, Fourth Floor, Providence, RI 02903, Christopher M. Mulhearn, Esq., Ferrucci Russo, P.C., 55 Pine Street, Providence, RI 02903 and to William J. Delaney, Esq., Tillinghast Licht, LLP, Ten Weybosset Street, Providence, RI 02903