UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EXECUTIVE RISK INDEMNITY, INC.<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH P. FERRUCCI, as the Court-Appointed Receiver for Mix It For Me.com d/b/a MixITforMe, Inc., CORY JOHNSON, DAVID ANDREWS a/k/a "DAVID WHITAKER", PATRICK HOLT, and SALLY HERSEY<br><br>Defendants. | ) | C.A. No. 06-372T |

**AMENDED STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

WHEREAS, certain documents, materials, answers to interrogatories, responses to requests to admit, deposition testimony, etc., which may be requested during the course of discovery in this action may contain information that is privileged or is confidential personal or business information, confidential financial information, proprietary information, trade secrets or other confidential information which if disclosed might adversely affect the disclosing party's competitive position or business operations.

NOW, THEREFORE, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and the parties having stipulated to the need for and terms of this stipulation and order (the "Stipulation and Protective Order"), it is ORDERED that:

CONFIDENTIAL DOCUMENTS AND DISCOVERY RESPONSES

1. This Stipulation and Protective Order shall govern all documents, tangible things, and information produced, provided, or made available in this action by parties hereto or others

(hereinafter "documents and discovery responses"). For the purposes of this Stipulation and Protective Order, the term "document" shall mean any written, typed or printed matter of any kind, sound recordings, computer or other electronic recordings, photographs, or any other medium for preserving, duplicating or recording written or spoken words or images.

2. Any producer of documents and discovery responses may designate as "confidential" any document or discovery response provided in the course of this litigation that constitutes or contains confidential personal or business information, confidential financial information, proprietary information, trade secrets or other confidential information which if disclosed might adversely affect the disclosing party's competitive position or business operations. Any document designated "confidential" shall bear the label or stamp "CONFIDENTIAL."

3. a. Documents and discovery responses which are designated "confidential," copies thereof, and the information contained therein, shall not be exhibited or disclosed by counsel or by any party to any other person or entity; provided, however, that nothing herein shall prevent the exhibition of such documents or the disclosure of information contained therein only to the following persons, who shall use such documents and the information contained therein solely in the prosecution or defense of this case and for no other litigation, business or other purpose, except for the presentation of a claim to reinsurers or compliance with state or federal regulation:

i. Counsel for the parties to this litigation, including both the law firms retained by the parties and the parties' in-house counsel and legal staff, and employees of the parties who are actively engaged

in connection with, or who are making decisions with respect to, the preparation for and trial of this litigation;

ii. Persons who have prepared or assisted in the preparation of such documents or to whom the documents or copies thereof were addressed or delivered;

iii. Former employees of the parties who are assisting in the preparation of, or are actively engaged in connection with the preparation for and trial of this litigation, provided that such individuals have agreed to be bound by this Stipulation and Protective Order;

iv. Court personnel and/or court reporters who are engaged in connection with the preparation for and trial of this action;

v. To the extent deemed necessary by counsel or the party's representatives, independent experts and consultants and their employees or clerical assistants who are employed, retained or otherwise consulted by counsel of record or a party for the purpose of analyzing data, conducting studies or providing opinions to assist in any way in the above captioned action, provided that such individuals have agreed to be bound by this Stipulation and Protective Order;

vi. To the extent deemed necessary by counsel, non-party witnesses or potential non-party witnesses, in preparation for giving testimony in this litigation by deposition or at trial relating to "confidential"

documents or who are believed to possess information deemed necessary for the prosecution or defense of this action, provided that the witness or potential witness has agreed to be bound by this Stipulation and Protective Order;

vii. Any person who otherwise would be entitled to review the "confidential" documents, including reinsurers, auditors and regulators, as a result of federal or state investigations, laws, or court orders; provided, however, that such "confidential" documents will not be produced pursuant to a request for production of documents in any other action, other than an federal or state government investigation, in the absence of an order requiring such production unless the producing party, after receiving notice of the request for production and having a reasonable opportunity to intervene and object to such production, fails to move for a protective order or take other action to bar disclosure;

viii. A third party for the limited purpose of copying documents, providing technical or litigation support services involving the presentation of evidence at a hearing or trial in this action or providing messenger services for documents to the extent reasonably necessary for use in preparation for and participation in trial of and proceedings in this action. Documents in the possession of third parties as provided by this subsection shall be

deemed to be in the possession of counsel releasing the documents, who shall remain responsible for assuring compliance with this Stipulation and Protective Order while the documents are in the possession of such third parties.

b. No party receiving confidential documents or discovery responses shall disclose such documents or information contained therein to any person other than those specified in paragraph 3(a) of this Stipulation and Protective Order. However, if counsel shall thereafter desire to give, show, make available or communicate such materials in any way to any persons other than those referred to in paragraph 3(a) above, counsel shall notify the counsel for the party which produced materials designated "confidential" in writing of the proposed use or disclosure and shall specify the name, occupation and address of the person to whom disclosure is proposed, the reason for the proposed disclosure, and a description of the documents or information to be disclosed.

c. In the event that the party which produced the confidential documents objects to the disclosure of the documents to a person designated under paragraph 3(b) of this Stipulation and Protective Order, it shall within five business days of receipt of notice notify the opposing counsel in writing of such objection and the grounds therefore, and, if such dispute is not resolved on an informal basis, shall promptly submit such objection to the Court for a ruling. There shall be no disclosure pending a resolution of the dispute either on an informal basis or by a ruling of the Court.

4. a. Confidential documents shall not be given, shown, made available, discussed or otherwise communicated to anyone without first informing them of the contents of this Stipulation and Protective Order. In the case of former employees under paragraph 3(a)(iii),

the persons specified in paragraph 3(a)(v) and non-employee witnesses under paragraph 3(a)(vi), counsel shall obtain from such person a signed acknowledgment, in the form attached hereto as Exhibit A, that the person:

i. Is familiar with the terms of this Stipulation and Protective Order and agrees to comply with and be bound by them, and

ii. Submits to this Court's jurisdiction for the purposes of enforcement of this Stipulation and Protective Order.

b. Counsel making such disclosure under paragraph 4(a) of this Stipulation and Protective Order shall retain the original acknowledgements described in paragraph 4(a).

5. a. The provisions of Paragraph 3(a)(vi) notwithstanding, documents designated "confidential" or the information contained therein may be referred to in the course of depositions, or made exhibits to depositions, and the deponent, all counsel, and other persons present at the deposition, or who review the transcript thereof, shall be informed of and asked to comply with the terms of this Stipulation and Protective Order.

b. Any party may designate as "confidential" testimony given during a deposition which, in good faith, it deems confidential, provided that the portion of the transcript relating to such confidential testimony shall be stamped confidential in accordance with the provisions of paragraph 2. Any party may designate as confidential any deposition testimony or deposition exhibits, by notice to all other parties, within 30 days of the date that the deposition transcript is received. All provisions of this Stipulation and Protective Order shall apply to all deposition transcripts and/or testimony designated as confidential.

6. Documents and discovery responses designated as "confidential" or the information contained therein or deposition testimony designated "confidential" may be referred

to in documents such as briefs and memoranda filed with the Court or made exhibits to such documents, provided that any such documents filed with the Court which contain "confidential" information shall be sealed and shall be made public in all or in part only after notice to all parties and opportunity for them to be heard.

7. In accordance with General/Attorney Rule 102(c) of the Local Rules of the U.S. District Court for the District of Rhode Island, any "confidential" document or other information designated "confidential" that is submitted to, presented to, or filed with the Court shall be brought to the District Court Clerk's office for filing (rather than filed electronically) with an accompanying motion to seal, and shall be placed in a sealed envelope bearing the following statement:

> CONFIDENTIAL DOCUMENTS - Subject to Stipulation and Protective Order Regarding Confidential Information in Executive Risk Indemnity Inc. v. Joseph P. Ferrucci, et al., No. 06-372T; Filed pursuant to Motion to Seal, [docket number of Motion to Seal]. This envelope contains documents filed in this case by [name of party] and is not to be opened nor the contents to be displayed nor revealed except by Order of the Court or agreement of the parties.

8. Nothing herein shall affect the right of any party to move for the admission into evidence of any document designated "confidential" or any portion of any deposition designated "confidential." If such documents are admitted, however, the Court shall take appropriate measures to protect their confidentiality.

9. This Stipulation and Protective Order shall not apply to any document, or information contained therein, which is available publicly, or which is a matter of public record

on file with any court or governmental or regulatory agency or board, or which is or becomes available to a party by any lawful and unrestricted means.

10. Within ninety days after the conclusion of this action by dismissal, final judgment, disposition on appeal, or settlement, all "confidential" documents produced in this litigation shall, upon demand, be returned to counsel for the party which originally produced such documents. Alternatively, if agreed to by the producing party, the confidential documents may be destroyed by counsel for the receiving party, with counsel providing an affidavit attesting to their destruction. Notwithstanding the foregoing, to the extent necessary, parties may retain and use "confidential" documents produced in this litigation for purposes of presentation of reinsurance claims. Nothing herein shall prevent counsel for the Parties from retaining all litigation documents including pleadings, exhibits and their own work product that includes or refers to Documents designated as Confidential, but any such retained "confidential" material shall be retained for the purpose of preserving a file on this litigation and shall not, subject to the other terms of this Stipulation and Protective Order, be disclosed to any other persons. Further, nothing herein shall be construed to require a party to return or destroy "confidential" documents for the length of time that the party is required to maintain them pursuant to any state or federal law, regulation or investigation, document retention policy, or court order. This Order shall survive the conclusion of this litigation.

11. The parties agree that this Stipulation and Protective Order may not be used in this or any other matter for any purpose against any party, except as may be necessary to enforce its terms.

12. This Stipulation and Protective Order may be executed in any number of counterparts each of which shall be deemed to be an original and all of which shall constitute one and the same agreement.

13. If any party or its counsel objects to the producing party's designation of information as "confidential," it shall advise the producing party and the parties shall make a reasonable, good-faith effort to resolve the issue. If the parties are unable to resolve the issue, the objecting party may move the Court for an appropriate order. A dispute as to designation shall not be grounds for delay of or refusal to permit discovery; provided, however, that until otherwise ordered by the Court, all the material as to which a dispute exists shall be treated as "confidential," and subject to the provisions of this Order.

14. Nothing herein shall preclude any party from seeking a protective order to provide greater or additional protections for documents or other information to be produced in this action.

15. This Stipulation and Protective Order may be amended only by the written agreement of the parties or by further Order of the Court.

NON-WAIVER OF ATTORNEY CLIENT PRIVILEGE

16. The production of privileged documents or discovery information by one party does not operate to waive the attorney-client privilege or the protections of the attorney work product doctrine or the joint defense privilege of any other party.

17. The parties are permitted to produce to other parties in this litigation documents and discovery information pertaining to costs for legal services and litigation support services provided to them in connection with their defense of any claim or suit for which coverage is sought in this litigation. By producing such documents and discovery information, the party shall not be deemed to thereby waive any attorney-client privilege, work product protection, or

other privilege that might pertain to any such legal services or litigation support services. This non-waiver notwithstanding, the parties agree that any such documents and information produced by such party may be used by any party for any appropriate purpose in this litigation only, subject to the terms of this Stipulation and Protective Order.

18. The inadvertent production of documents or discovery information does not constitute a knowing or voluntary waiver of the attorney-client privilege or the protections of the attorney work product doctrine or the joint defense privilege.

19. Filing with the Court of any document or information that is subject to this protective order shall be considered a disclosure unless the document or information is filed under seal. No document or information may be filed under seal without prior authorization from the Court. The parties shall make every effort to avoid seeking to file documents or information under seal. Any order authorizing the filing of documents or information under seal or prohibiting the disclosure of information, shall be subject to review at the request of any party, any member of the public, or the Court *sua sponte*.

STIPULATED AND APPROVED:

Counsel for Plaintiff Executive Risk Indemnity Inc.:

/s/ Stephen J. Reid, Jr. Esq.
Stephen J. Reid, Jr. #2811
sjr@blishcavlaw.com
Blish & Cavanagh, LLP
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900
(401) 751-7542 (fax)

/s/ Michelle A. Kisloff
/s/ Joseph A. Bailey III
Michelle A. Kisloff
MAKisloff@HHLAW.com
Joseph A. Bailey III
JABailey@HHLAW.com
Hogan & Hartson LLP
555 13th Street, NW
Washington, DC 20004
(202) 637-5600
(202) 637-5910 (fax)

Counsel for Defendant Joseph P. Ferrucci:

/s/ Christopher M. Mulhearn, Esq.
Christopher M. Mulhearn, Esq.
cmulhearn@frlawri.com
Ferrucci Russo, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903
(401) 455-1000
(401) 455-7778 (facsimile)

Counsel for Defendant Cory Johnson:

/s/ William J. Delaney, Esq.
William J. Delaney, Esq.
wdelaney@tllaw.com
Tillinghast Licht LLP
10 Weybosset Street
Providence, RI 02903
(401) 456-1200
(401) 456-1210 (facsimile)

Counsel for Defendant Sally Hersey:

/s/ Paul E. Phillips, Esq.
Paul E. Phillips, Esq.
pphillips@pdlawri.com
Phillips & D'Aloisio
91 Friendship Street, Fourth Floor
Providence, RI 02903
(401) 453-5900
(401) 453-5903 (facsimile)

So Ordered this _____ day of __________________, 2007:

______________________________________
TORRES, ERNEST C.

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of August, 2007, I caused a copy of the foregoing Amended Stipulated Protective Order Regarding Confidential Information to be electronically served upon:

Christopher M. Mulhearn, Esq.
cmulhearn@frlawri.com
Ferrucci Russo, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

Paul E. Phillips, Esq.
pphillips@pdlawri.com
Phillips & D'Aloisio
91 Friendship Street, Fourth Floor
Providence, RI 02903

William J. Delaney, Esq.
wdelaney@tllaw.com
Tillinghast Licht LLP
10 Weybosset Street
Providence, RI 02903

/s/ Joseph A. Bailey III
Joseph A. Bailey III
JABailey@HHLAW.com
Hogan & Hartson LLP
555 13th Street, NW
Washington, DC 20004
(202) 637-5600
(202) 637-5910 (fax)